IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KH-REIT II FUNDING XXII, LLC,<br>*Plaintiff,*<br><br>v.<br><br>GRANT MEADOWS, L.L.C.,<br>*Defendant.* | §<br>§<br>§<br>§   Case No._____<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff KH-REIT II Funding XXII, LLC, ("Plaintiff") files this Original Complaint against Defendant Grant Meadows, L.L.C. ("Defendant").

**I. INTRODUCTION**

1. Defendant entered into a contract, together with amendments thereto, to purchase certain real property from Plaintiff at a closing to occur on October 28, 2022. Defendant has wrongfully attempted to terminate the contract based on an improper title objection that Defendant itself created by way of its own unauthorized trespass and removal of a power line pole and transmission lines on such property. Defendant has no such termination right and its misconduct constitute breaches of the contract, thereby entitling Plaintiff to contractual damages. Such damages include the right to retain Defendant's earnest money deposit as damages. Plaintiff further requests an award of damages due to Defendants' trespass, as described herein.

**II. PARTIES**

2. Plaintiff KH-REIT II Funding XXII, LLC, is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Connecticut. Its sole member is Knighthead SSRE REIT II, Inc., which is a Delaware corporation with its principal place of business in Connecticut. Thus, Plaintiff is a citizen of Delaware.

3. Defendant Grant Meadows, L.L.C., is a limited liability company organized under the laws of the State of Texas with its principal place of business in Houston, Texas, and it may be served by serving its agent for service of process, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

### III. JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because it is where Defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where the property that is the subject of the lawsuit is located.

### IV. FACTUAL BACKGROUND

6. Effective March 31, 2022, Plaintiff entered into a sale agreement (as amended, the "Sale Agreement") to sell Defendant two tracts of real property located at 2701 and 2627 Main Street in the City of Houston, Texas as more particularly described in the Sale Agreement (the "Property"), with an original closing date of August 28, 2022. At Defendant's insistence and pursuant to the Second Amendment to the Sale Agreement ("Second Amendment"), the parties agreed to extend the closing date to October 28, 2022.

7. In an April 25, 2022 letter, the owner of a tract of land adjacent to the Property (the "Neighbor") erroneously asserted that Plaintiff has certain obligations with respect to the relocation of electrical facilities on the Property pursuant to an unrecorded purchase and sale agreement, dated June 16, 2017, between the Neighbor and Plaintiff's predecessor-in-title, Caydon Houston Property 2 LP (the "Caydon Contract"). Plaintiff acquired title to the Property via

foreclosure on April 6, 2021 and is thus not a party to the Caydon Contract. Plaintiff never assumed any obligations under the Caydon Contract, or otherwise acquired any of its predecessor-in-title's contractual obligations or liabilities. Such contractual obligations and liabilities do not run with the land. Moreover, assuming arguendo that the Neighbor's rights under the Caydon Contract survived the foreclosure, or may somehow be applicable to Plaintiff (which they are not), the Neighbor's statute of limitations to enforce such contractual obligations have long since expired. Thus, Plaintiff never agreed in any contract or otherwise to relocate the power line pole — just the opposite, as explained below.

8.  Nonetheless, out of an abundance of caution, Plaintiff promptly notified Defendant of the Neighbor's erroneous assertions, and, effective May 3, 2022, the parties entered into the first amendment to the Sale Agreement to address the power line pole (the "First Amendment"). Specifically, the First Amendment provided that removal or relocation of the power line pole "is not a condition to closing." In other words, Defendant — with full knowledge of the Neighbor's claims and Plaintiff's denial of any obligations with respect to those claims — Defendant agreed not to use the relocation of the pole as a basis for not closing as required by the Sale Agreement. The First Amendment did, however, provide Defendant certain limited rights to remove or relocate the power line pole; provided, however that (among other things) Plaintiff has a right to "prior review" and gives its "approval" of appropriate plans for such removal or relocation that are in accordance with applicable law.

9.  On information and belief, on or about October 22, 2022, Defendant unilaterally entered onto the Property, or caused others to do so, without permission or approval from Plaintiff and without legal authority, and removed the power line pole and associated transmission lines.

This action constituted a trespass, and caused Plaintiff and others to incur damages, including the damages resulting from the loss of power.

10. Defendant's wrongful removal of the power line pole and transmission lines further prompted the title company, Fidelity National Title Insurance Company, on October 24, 2022, to issue a revised title commitment containing a new exception relating to the power line pole and transmission lines. In response, Defendant lodged "supplemental title objections" to the same new exception. In other words, Defendant objected to the new title exception that Defendant itself caused by way of its trespass and wrongful removal of the pole and transmission lines. Defendants' supplemental title objections also included additional meritless objections that were not permissible bases for termination, as explained below.

11. Despite causing the new conditions to which the title company excepted, on October 26, 2022, Defendant asserted that it was "terminat[ing] the Contract" based on the new title exception, and further demanded a return of its earnest money. Defendant's attempt to fabricate a basis on which to "terminate" the Sale Agreement is not only barred by equity, but also fails under the plain language of the parties' agreement. The Second Amendment to the Sale Agreement expressly provides that "except in the event of default by Seller under the Agreement, or following a casualty or condemnation event as provided in Section 9 of the Agreement, **Purchaser shall have no further right to terminate the Agreement**." (Emphasis added.) There has been no default by Plaintiff (Defendant has not even alleged a default), nor has there been a casualty or condemnation event. Accordingly, Defendant's attempted termination is invalid, and Defendant is in breach.

## V. Causes of Action

### A. Breach of Contract

12. Plaintiff repeats and re-alleges each paragraph above as if set forth fully herein.

13. Plaintiff and Defendant entered into a valid, binding, and enforceable Sale Agreement as described above. Defendant materially breached the Sale Agreement as described above, including by wrongfully removing the above-described power line pole and transmission lines in violation of the First Amendment, by claiming to terminate the Sale Agreement in violation of the Second Amendment, and by breaching its obligation to purchase the Property on or before the closing date. Plaintiff seeks recovery of damages it has sustained as a result of Defendant's breaches, including the $650,000 in earnest money Plaintiff is entitled to retain as a result of Defendant's defaults and refusal to close.

### B. Trespass

14. Plaintiff repeats and re-alleges each paragraph above as if set forth fully herein.

15. Plaintiff holds title to the subject Property. By entering the Property or causing others to enter the property and removing the power line pole and transmission lines thereon without Plaintiff's consent, Defendant has engaged in trespass and property damage. Plaintiff has suffered injury as a result of Defendant's misconduct, including, but not limited, to the diminution in value of the Property resulting from the trespass, the cost to replace or restore the removed power line pole and/or transmission lines, damages due to the loss of power, and the cost to repair any further damage to the Property and adjacent property. On information and belief, Defendant's misconduct was committed with malice or gross negligence.

## VI. CONDITIONS PRECEDENT

16. All conditions precedent have been performed or have occurred, including all conditions precedent to Plaintiff's right to recover as set forth herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after a final trial on the merits the Court enter a judgment in favor of Plaintiff and against Defendant awarding Plaintiff the following:

   i. Actual damages in such amount as may be shown by the evidence;

   ii. Punitive and exemplary damages in such amount as may be shown by the evidence;

   iii. Attorneys' fees and costs of court incurred in bringing this action;

   iv. Prejudgment and post-judgment interest; and

   v. All other and further relief to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

HAJJAR | PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By: */s/ Joshua Eames-Cepero*
Joshua Eames-Cepero
State Bar No. 24109826
Southern District No. 3355889
jeames@legalstrategy.com
Attorney-in-Charge

*/s/ Matthew Baumgartner*
MATTHEW BAUMGARTNER
State Bar No. 24062605
Southern District No. 1626953
mbaumgartner@abaustin.com
DAVID KING
State Bar No. 24083310

Southern District No. 2414517
dking@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas  78701
Telephone (512) 435-2300
Telecopier (512) 435-2360
Of Counsel