# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KH-REIT II FUNDING XXII, LLC, § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| GRANT MEADOWS, L.L.C. § | |
| *Defendant*, § | |
| § | |
| *and* § | CIVIL ACTION NO. 4:22-cv-03730 |
| § | |
| FIDELITY NATIONAL TITLE, § | |
| INSURANCE COMPANY § | |
| *Third-Party Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| KH-REIT II FUNDING XXII, LLC and § | |
| GRANT MEADOWS, L.L.C. § | |
| *Third-Party Defendants*. § | |
| § | |

## FIDELITY NATIONAL TITLE INSURANCE COMPANY'S THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Third-Party Plaintiff Fidelity National Title Insurance Company ("FNTIC") files this Complaint for Interpleader and Declaratory Relief against Third-Party Defendant KH-REIT II Funding XXII, LLC, ("KH-REIT") and Third-Party Defendant Grant Meadows, L.L.C. ("Grant Meadows"), and respectfully alleges and prays as follows:

### I. INTRODUCTION

1. This is an action at law and in equity for interpleader arising from a contract dispute between Grant Meadows and KH-REIT to sell certain real property at a closing to occur on October 28, 2022. Grant Meadows and KH-REIT failed to complete the transaction in said contract and KH-REIT filed suit against Grant Meadows seeking, in part, "the right to retain

THIRD-PARTY COMPLAINT FOR
INTERPLEADER AND DECLARATORY RELIEF                     PAGE 1

Defendant [Grant Meadows]'s earnest money deposit as damages." (*See, e.g.,* DE 1, Original Complaint at 5 ¶ 13).

2. This third-party claim against KH-REIT and Grant is filed pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 because there are multiple possible claimants to an escrow deposit, which may expose FNTIC to double liability. Thus all potentially claiming parties are joined and required to interplead.

## I. THE PARTIES

3. Third-Party Plaintiff Fidelity National Title Insurance Company is a Florida Corporation whose principal place of business in Florida and who may be served with all pleadings, discovery, and other communications related to the above styled and numbered cause through their counsel of record, J. Manuel Torres-Rodriguez and Gregory Brewer, Fidelity National Law Group, 6900 Dallas Parkway, Suite 610, Plano, Texas 75024, Phone: 972-281-0422; Fax: 972-812-9408; email: Manuel.Torres@fnf.com.

4. On information and belief, Defendant KH-REIT II Funding XXII, LLC, is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Connecticut. Its sole member is Knighthead SSRE REIT II, Inc., which is a Delaware corporation with its principal place of business in Connecticut. Thus, Third-Party Plaintiff is a citizen of Delaware.

5. On information and belief, Defendant Grant Meadows, L.L.C., is a limited liability company organized under the laws of the State of Texas with its principal place of business in Houston, Texas, and it may be served by serving its agent for service of process, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## II. JURISDITION AND VENUE

6. The Court has jurisdiction over this lawsuit under 28 U.S.C. §§ 1335 and 1332 because the two Defendants are citizens of different States as defined in 28 U.S.C. § 1332(a) or (c), and the value of the property in controversy exceeds $500. Defendant KH-REIT is a citizen of Delaware; Defendant Grant Meadows is a citizen of Texas. The funds in controversy are $500,000 in escrow funds.

7. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because all Parties/sides are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. This Court has diversity jurisdiction over FNTIC's Third-Party Complaint for Interpleader because all claimants to the subject escrow are of diverse citizenship from FNTIC, which is the stakeholder.

8. Defendant KH-REIT has consented to personal jurisdiction by this Court in filing its original complaint. (*See* DE 1, Original Complaint).

9. This Court has personal jurisdiction over Defendant Grant Meadows as it is a citizen of Texas.

10. Where, as here, the Court's original jurisdiction is based on diversity, Rule 22 interpleader is proper where the citizenship of the stakeholder (*i.e.*, FNTIC) is diverse from that of each of the claimants. *See, e.g.*, 4 Moore's Federal Practice - Civil § 22.04 (2021). The citizenship of the claimants need not be diverse from one another, but must be diverse from that of the stakeholder. That is the case here.

11. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1397 because it is where at least one Defendant, Grant Meadows, resides in Harris County, Texas which is located in the Court's judicial district. Venue is proper in this District and Division pursuant to

28 U.S.C. § 1391 because it is where Defendant Grant Meadows resides, where a substantial part of the events or omissions giving rise to the claim occurred, and where the property that is the subject of the lawsuit is located.

### III. STATEMENT OF INTERPLEADER ACTION

12. The property that is the subject of this interpleader action is a sum of money totaling $500,000 (the "Property").

13. On or about March 31, 2022, Defendants entered into a sale agreement concerning two tracts of real property located at 2701 and 2627 Main Street in the City of Houston, Texas as more particularly described in the sale agreement(s) with an original closing date of August 28, 2022, and an extend closing date of October 28, 2022.

14. Pursuant to said sale agreement(s), Defendants agreed that Third-Party Plaintiff FNTIC would hold $650,000 in escrow to close the transaction(s). Of said $650,000, an amount of $150,000 was remitted to Defendant KH-REIT, leaving only the Property ($500,000) in Third-Party Plaintiff FNTIC's possession to hold in escrow and disburse upon the closing of the transaction(s).

15. Grant Meadows and KH-REIT failed to complete the transaction(s) in their sale agreement(s) and the Property ($500,000) continues to be held in escrow by in Third-Party Plaintiff FNTIC.

16. Each Defendant is claiming entitlement to the Property, both claiming that the other breached the sale agreement(s) and said breach entitles the non-breaching Defendant to the Property or that one party was legally justified in terminating the transaction before closing.

17. Third-Party Plaintiff FNTIC herein makes an unconditional tender and/or has deposited $500,000 (the property at issue) into the registry of the court.

18. Third-Party Plaintiff FNTIC is in great doubt as to which Defendant(s) is/are entitled to the property subject to the interpleader action. Defendant KH-REIT's allegations, if true and without mitigating facts/factors (e.g., affirmative defenses), suggests Defendant KH-REIT is entitled to the Property. Defendant Grant Meadows defenses (and allegations), if true and without mitigating facts/factors, suggests Defendant Grant Meadows is entitled to the Property. The Defendants' (respective) competing allegations establish great doubt as to which defendant(s) is/are entitled to the property subject to the interpleader action.

19. Third-Party Plaintiff FNTIC cannot determine which claim(s) is/are valid without exposing FNTIC to potential double litigation. If FNTIC accepted the facts alleged by either Defendant and agreed to the construction of the sale agreement(s) alleged by either Defendant, the other Defendant would assert a cause(s) of action against FNTIC exposing FNTIC to potential double litigation as FNTIC would have been liable to both the Defendant whom it agreed with and liable to the other Defendant.

## IV. RELIEF

20. Third-Party Plaintiff FNTIC requests that each Defendant be restrained from instituting any action against FNTIC seeking any relief (whether legal, equitable, or otherwise) for recovery of the Property or any part of it.

21. Third-Party Plaintiff FNTIC requests that the Court direct the Clerk of the Court to accept payment by Fidelity National Title Insurance Company in the amount of $500,000 and to hold those proceeds pending the Court's determination of the persons or entities lawfully entitled to receive those proceeds.

22. Third-Party Plaintiff FNTIC requests that FNTIC recover costs and reasonable attorney's fees.

23. Third-Party Plaintiff FNTIC requests that the Defendants be required to interplead and settle among themselves their rights to the Property and that FNTIC be discharged from all liability.

## V. CERTIFICATION

24. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VI. PRAYER

25. WHEREFORE, Third-Party Plaintiff FNTIC respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

    A. that Defendant KH-REIT and Defendant Grant Meadows be restrained from instituting any action against FNTIC seeking any relief (whether legal, equitable, or otherwise) for recovery of the Property or any part of it;

    B. that the Court direct the Clerk of the Court to accept payment by Fidelity National Title Insurance Company in the amount of $500,000 and to hold those proceeds pending the Court's determination of the persons or entities lawfully entitled to receive those proceeds;

    C. that FNTIC recover costs and reasonable attorney's fees;

D. that Defendant KH-REIT and Defendant Grant Meadows be ordered to settle among themselves their rights to the Property and that FNTIC be discharged from all liability;

E. that the Court grant Third-Party Plaintiff FNTIC requests any further relief as may be just and proper under the circumstances of this case.

Dated: December 13, 2022

Respectfully Submitted,

FIDELITY NATIONAL LAW GROUP

*/s/ Manuel Torres*
J. MANUEL TORRES-RODRIGUEZ
Texas Bar No.: 24046986
GREGORY T. BREWER
Texas Bar No.: 00792370
6900 Dallas Parkway, Suite 610
Plano, Texas 75024
Phone: (972) 281-0422
Fax: 972-812-9408
Email: Manuel.Torres@fnf.com
Attorneys for
FIDELITY NATIONAL TITLE
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I or my assistant electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties and counsel of record.

*/s/ Manuel Torres*