IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | Case No. 4:22-CV-3730 | |
| § | | |
| GRANT MEADOWS, L.L.C., § | | |
| *Defendant.* § | | |

**PLAINTIFF'S PARTIAL MOTION TO DISMISS DEFENDANT'S
DECLARATORY JUDGMENT COUNTERCLAIMS PURSUANT TO RULE 12(b)(6)**

Plaintiff KH-REIT II Funding XXII, LLC files this Partial Motion to Dismiss Defendant Grant Meadows, L.L.C.'s Declaratory Judgment Counterclaims Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support would respectfully show the following.

**I.  SUMMARY**

The Court should dismiss Defendant's declaratory judgment counterclaims, with prejudice, because (1) the Texas Declaratory Judgment Act does not apply in federal court and (2) Defendant's declaratory judgment counterclaims are redundant of the parties' substantive contract claims.

**II.  BACKGROUND AND INTRODUCTION**

This case arises out of a contract for the sale of land. Plaintiff KH-REIT Funding XXII, LLC (the seller) sued Defendant Grant Meadows, L.L.C. (the buyer) for breach of contract because Defendant refused to close on the sale agreement. Plaintiff seeks, among other things, the contract's earnest money, which totals $650,000. Defendant has countersued asserting its own breach of contract claim in which it alleges Plaintiff breached the contract by: warranting that it had authority to perform under the contract, warranting that the sale agreement did not conflict

with any other agreements to which Plaintiff is a party, and by refusing to permit the title company to release the deposit to Defendant. *See* Def.'s Answer & Counterclaim (Doc. #6, ¶ 48).

In addition, Defendant seeks a declaratory judgment under both the Texas and Federal Declaratory Judgment Acts. Defendant seeks a declaratory judgment stating: (1) that Defendant did not breach the contract; (2) that Plaintiff was, as a material term of the contract, required to deliver an affidavit of title; (3) that Plaintiff committed an anticipatory breach by insisting on closing without an affidavit of title and, therefore, Defendant is entitled to a return of the $650,000 earnest money; and (4) that Plaintiff is not entitled to any of the remedies it seeks in this Court. Doc. #6, ¶ 53. The Court should dismiss Defendant's declaratory judgment counterclaims for two reasons.

First, Defendant's invocation of Texas Declaratory Judgment Act (and its fee shifting provision) is improper. It is well-established that the Texas Declaratory Judgment Act does not apply in federal court.

Second, Defendant's declaratory judgment claim is redundant of the parties' substantive contract claims. When deciding the parties' breach of contract claims, the Court will necessarily have to decide whether Defendant (or Plaintiff) breached the contract; who is entitled to keep the $650,000 earnest money; and, whether Plaintiff is entitled to the relief it seeks. Courts uniformly dismiss declaratory judgment claims when the claims seek only resolution of issues that will be resolved as part of the other claims in the lawsuit.

## III. ARGUMENT

The Court should dismiss Defendant's declaratory judgment counterclaims, with prejudice, for the following reasons.

A. **Defendant's attempt to recover attorney's fees under the Texas Declaratory Judgment Act fails as a matter of law.**

Defendant seeks a declaratory judgment and an award of attorney's fees under the Texas Declaratory Judgment Act. *See* Doc. #6, ¶¶ 53 & 54 (citing TEX. CIV. PRAC. & REM. CODE § 37.009). It is well-established that the Texas Declaratory Judgment Act (including its fee shifting provision) does not apply in federal courts because the Texas Declaratory Judgment Act is a procedural mechanism and does not create substantive rights. *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998); *see also Piazzo v. Allstate Indem. Co.*, __ F. Supp. 3d __, No. 4:21-cv-01690, 2022 WL 1769198, at *4 (S.D. Tex. Apr. 27, 2022) (granting Rule 12(c) motion because "[i]n a diversity case such as this one, any Declaratory Judgment Action must be brought under the Federal Declaratory Judgment Act.").

B. **Defendant's declaratory judgment claim is redundant of the parties' breach of contract claims.**

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather an absolute right upon the litigant.'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm's of Utah v. Wyoff Co.*, 344 U.S. 237, 241 (1952)).

District courts uniformly dismiss declaratory judgment claims under Rule 12(b)(6) when they are redundant of substantive legal claims. *Admiral Ins. Co. v. West Rest Haven, Inc.*, No. 6:19-CV-00190-ADA-JCM, 2019 WL 6037259, at *2–4 (W.D. Tex. Sept. 16, 2019) (dismissing declaratory judgment counterclaim that was "mirror image" of plaintiff's claims); *Smitty's Supply,*

*Inc. v. Hegna*, No. 16-13396, 2019 WL 1099712, at *2 (E.D. La. March 8, 2019) (dismissing declaratory judgment claims where the decision of the substantive claims would "resolve the issues raised in the declaratory judgment action"); *Am. Equipment Co. v. Turner Bros. Crane & Rigging, LLC*, 4:13-Cv-2011, 2014 WL 3543720, at *4 (S.D. Tex. July 14, 2014) (dismissing declaratory judgment claim because it was "a pure mirror image of AEC's breach of contract claim.").[1]

Courts have found declaratory judgment claims to be redundant of other claims in a number of contexts. For example, a court within this district dismissed a defendant's declaratory judgment counterclaim because it merely "mirrored" the plaintiff's breach of contract claim. *Am. Equipment Co.*, 2014 WL 3543720, at *4. Other courts have said that declaratory judgment counterclaims should be dismissed when they have "no greater ramifications than the original suit." *See, e.g., Albritton Props. v. Am. Empire Surplus Lines*, No. 04-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005). And other courts have said that "[t]o determine whether a declaratory judgment claim is redundant, the Court considers whether resolving other claims would render a declaratory judgment superfluous." *Admiral Ins. Co.*, 2019 WL 6037259, at *3.

Regardless of how the test for redundancy is worded, Defendant's declaratory judgment counterclaim fails. The counterclaim mirrors Plaintiff's breach of contract claim; deciding the parties' breach of contract claims will resolve all issues raised in the counterclaim; the declaratory judgment claim has no greater ramifications than the breach of contract claims; and the declaratory judgment counterclaim is superfluous.

The Court need look no further than Defendant's requested declaratory judgments (Doc. #6, ¶ 53):

- *"[Defendant] committed no breach, or, alternatively, no material breach of the Sale Agreement."*

---

[1] The authorities are legion. *See Admiral Ins. Co.*, 2019 WL 6037259, at *2 (collecting cases); *Am. Equipment Co.*, 2014 WL 3543720, at *4 (same).

This is merely the inverse of Plaintiff's breach of contract claim. When deciding Plaintiff's breach of contract claim, the Court will necessarily have to determine whether Defendant committed a breach.

- *"[Plaintiff's] delivery of the owner's affidavit of title was a material term of the Sale Agreement"* **and** *"[Plaintiff] anticipatorily breached the Sale Agreement by insisting upon closing without assurance of its ability to provide a truthful and accurate owner's affidavit of title,* **thereby entitling [Defendant] to recover the $650,000 deposit** *pursuant to the terms of Sale Agreement."* (Emphases added.)

This is a mirror image of Plaintiff's breach of contract claim, which seeks recovery of the same $650,000 deposit. *See* Pl.'s Complaint (Doc. #1,¶ 13). In addition, when deciding which party is entitled to keep the $650,000 deposit, the Court will necessarily have to decide whether Plaintiff committed a material breach because without a material breach by Plaintiff, Defendant has no excuse for failing to close on the sale. *See Ins. Co. of N. Am. v. McCarthy Bros. Co.*, 123 F. Supp. 2d 373, 379 (S.D. Tex. 2000) ("Texas law recognizes that only a material breach of a contract excuses performance.").

- *"[Plaintiff] has no right to any of the remedies it seeks in this lawsuit and has no further rights under the Sale Agreement."*

This is a classic mirror-image counterclaim. It adds nothing to the lawsuit. Obviously, when deciding Plaintiff's claims, the Court will have to decide whether Plaintiff is entitled to the relief it seeks.

Because Defendant's declaratory judgment counterclaim is redundant of the parties' breach of contract claims, the Court should dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION AND PRAYER

For these reasons, Plaintiff respectfully requests the Court dismiss Defendant's declaratory judgment counterclaim with prejudice and award Plaintiff all other relief to which it has shown itself entitled.

Respectfully submitted,

HAJJAR | PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By: */s/ Joshua Eames-Cepero*
Joshua Eames-Cepero
State Bar No. 24109826
Southern District No. 3355889
jeames@legalstrategy.com
Attorney-in-Charge

*/s/ Matthew Baumgartner*
**MATTHEW BAUMGARTNER**
State Bar No. 24062605
Southern District No. 1626953
mbaumgartner@abaustin.com
**DAVID KING**
State Bar No. 24083310
Southern District No. 2414517
dking@abaustin.com
**GUILLERMO A. ALARCON**
State Bar No. 24099176
Southern District No. 3122674
galarcon@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Telecopier (512) 435-2360
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, a true and correct copy of the above and foregoing was filed on the CM/ECG system and served on all counsel of record via electronic notices in compliance with the Federal Rules of Civil Procedure:

**Via e-service**

Sara Prasatik
sprasatik@wcglaw.com
Scot Clinton
sclinton@wcglaw.com
2500 Fannin Street
Houston, Texas 77002

*/s/ Joshua Eames-Cepero*
Joshua Eames-Cepero
