IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, L.L.C., | § | |
|     *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIM
SUBJECT TO PARTIAL MOTION TO DISMISS**

Plaintiff KH-REIT II Funding XXII, LLC files this Original Answer to Defendant's Counterclaim Subject to its Partial Motion to Dismiss,[1] and in support would respectfully show the following.

**RESPONSE TO DEFENDANT'S "INTRODUCTORY COMMENT"**

1. Plaintiff denies that it mischaracterizes the parties' obligations under the Sale Agreement or that it mischaracterizes Defendant's title objection. Plaintiff denies that it represented and purported to authorize Defendant to enter and make certain alterations to the property. Plaintiff denies that Defendant relied on any such representations and written authorization. Plaintiff admits that Defendant learned that a neighboring landowner disputed Plaintiff's ability to unilaterally alter the CenterPoint pole, but Plaintiff denies that Defendant learned of this after signing an amendment to the Sale Agreement. Plaintiff denies or lacks

---

[1] Generally, the filing of a motion to dismiss suspends the deadline for filing an answer until the Court has ruled on the motion to dismiss. *See* FED. R. CIV. P. 12(a)(4). However, the rule does not specifically address the effect of a *partial* motion to dismiss. Most courts that have considered the issue hold that a partial motion to dismiss only part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion. *Meraz v. M. Susan Rice, P.C.*, No. SA-09-CA-138-OG, 2009 WL 10669232, at *1 (W.D. Tex. May 15, 2009). But a small minority of courts hold the parties must "proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Gerlach v. Mich. Bell Tel. Co.*, 448 F.Supp. 1168, 1174 (E.D. Mich. 1978). Plaintiff was unable to find a controlling precedent on this issue and therefore files this conditional answer out of an abundance of caution.

{W1196764.1}

information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 1 of the Introductory Comment.[2]

2. Plaintiff denies that it said it would not make any effort to resolve the dispute with the neighbor prior to closing. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 2 of the Introductory Comment.

3. Paragraph 3 of Defendant's Introductory Comment contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that the title company issued a revised title commitment but denies that the title company issued the revised title commitment "[w]hen the title company learned of the dispute between Plaintiff and the neighboring landowner." Plaintiff denies that the revised commitment revived Defendant's right to object. Plaintiff admits that Defendant sent written notice of its objection but denies that it was timely. Plaintiff denies that it "wrongly insisted" that Defendant's objections were invalid—the objections are in fact invalid. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 3 of the Introductory Comment.

4. Paragraph 4 of Defendant's Introductory Comment contains legal conclusions to which no answer is required. To the extent an answer is necessary, Plaintiff denies the allegations in Paragraph 4 of Defendant's Introductory Comment.

## RESPONSE TO "IV. ORIGINAL COUNTERCLAIM"

**I.      Response to "Parties."**

5. Plaintiff admits the allegations in Paragraph 26 of Defendant's Counterclaim.

6. Plaintiff admits the allegations in Paragraph 27 of Defendant's Counterclaim.

---

[2] The paragraphs in Defendant's "Introductory Comment" are not numbered.
{W1196764.1}

**II.  Response to "Jurisdiction & Venue."**

7. Paragraph 28 of Defendant's Counterclaim contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits this Court has specific personal jurisdiction over Plaintiff for claims arising out the transaction that forms the basis of this lawsuit.  Plaintiff admits that venue is proper in this Court.  Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 28 of Defendant's Counterclaim.

**III.  Response to "Factual Background."**

8. Defendant's Paragraph 29: Plaintiff admits that Plaintiff and Defendant entered into the Sale Agreement effective March 31, 2022 for the sale of land, improvements, intangible property, and all of Plaintiff's right title and interest in and to the land.  Plaintiff denies that Defendant's Counterclaim contains an "Exhibit A" that describes the Property (it appears that Defendant forgot to attach the exhibit).

9. Paragraph 30 to Defendant's Counterclaim contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits that Defendant made an initial deposit of $150,000 within two business after the Effective Date of Sale Agreement.  Plaintiff admits that Defendant made an additional deposit of $500,000 not less than 90 days after the Effective Date.  Plaintiff admits that the two deposits would be applied toward the purchase price and the deposits were non-refundable, except under circumstances contemplated by the Sale Agreement.

10. Plaintiff admits the allegations in Paragraph 31 of Defendant's Counterclaim.

11. Paragraph 32 of Defendant's Counterclaim contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits that Paragraph 32

Plaintiff's Answer to Defendant's Counterclaim

accurately quotes the Sale Agreement. Plaintiff denies Defendant's remaining allegations in Paragraph 32 of Defendant's Counterclaim.

12. Paragraph 33 of Defendant's Counterclaim contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that the quote in Paragraph 33 is accurate. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 33 of Defendant's Counterclaim.

13. Paragraph 34 of Defendant's Counterclaim contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that parties agreed to the First Amendment to Sale Agreement. Plaintiff denies that the First Amendment to Sale Agreement authorized Defendant to unilaterally remove or relocate the power pole—the agreement required, among other things, Plaintiff's prior review and approval, which Defendant neither sought nor obtained. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 34 of Defendant's Counterclaim.

14. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's allegations in Paragraph 35 of Defendant's Counterclaim.

15. Plaintiff admits the allegations in Paragraph 36 of Defendant's Counterclaim.

16. Plaintiff admits that Paragraph 37 of Defendant's Counterclaim accurately quotes the letter Plaintiff received, but denies the assertions contained therein. Plaintiff denies that the "unrecorded agreement" is binding on or imposes any obligations on Plaintiff. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 37 of Defendant's Counterclaim.

17. Paragraph 38 of Defendant's Counterclaim contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies that by October 11, 2022

Plaintiff "had taken no further action to resolve the issue with Neighbor." Plaintiff admits that Defendant sent written notice to Plaintiff and the title of company. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 38 of Defendant's Counterclaim.

18. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's allegations in Paragraph 39 of Defendant's Counterclaim.

19. Plaintiff denies that Plaintiff knew the CenterPoint pole had been removed from the Property on October 18, 2022. Plaintiff admits that it sent a letter to Defendant on October 18, 2022 and admits that Paragraph 40 of Defendant's Counterclaim accurately quotes that letter.

20. Paragraph 41 of Defendant's Counterclaim contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff admits that the title company issued a revised committed which added a new exception to Schedule B, Item 10. Plaintiff admits that Defendant sent written notice of its objections but denies that the notice was "timely." Defendant denies that it was required to remove the exceptions per the Sale Agreement. Plaintiff denies or lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of Defendant's Counterclaim.

21. Plaintiff admits that it responded to Defendant's objections and rejected them. Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 42 of Defendant's Counterclaim.

22. Plaintiff denies that it refused to confirm its ability to perform all of its closing obligations. Plaintiff denies that it was required to cure Defendant's objections. Plaintiff admits that Defendant purported to terminate the Sale Agreement but denies that Defendant had a right

to do so.  Plaintiff denies or lacks information sufficient to form a belief as to the truth of Defendant's remaining allegations in Paragraph 43 of Defendant's Counterclaim.

**III.   Response "CAUSE OF ACTION – Breach of Contract"**

23. Paragraph 44 of Defendant's Counterclaim contains an allegation to which no answer is required.

24. Paragraph 45 of Defendant's Counterclaim contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff admits that Defendant, as buyer, and Plaintiff, as seller, were parties to the Sale Agreement.  Plaintiff admits that the Sale Agreement is a valid, enforceable contract for the purchase and sale of the Property.

25. Paragraph 46 of Defendant's Counterclaim contains legal conclusions to which no answer is required.  To the extent an answer is required, Plaintiff denies that Defendant fully performed all of its contractual obligations.  Plaintiff admits that Defendant paid the Deposit.  Plaintiff denies that Plaintiff committed a material breach of the Sale Agreement.  Plaintiff denies that Defendant is excused from performing its contractual obligations.

26. Plaintiff denies the allegations in Paragraph 47 of Defendant's Counterclaim.

27. Plaintiff denies the allegations in Paragraph 48 of Defendant's Counterclaim.

28. Pursuant to Fed. R. Civ. P. 9(c), Plaintiff denies that all conditions precedent have been performed or have occurred because Defendant failed to perform its material obligations under the Sale Agreement, specifically, Defendant was not excused from closing on the Sale Agreement.

29. Plaintiff denies the allegations in Paragraph 50 of Defendant's Counterclaim.

**IV.  Response to "CAUSE OF ACTION – Suit for Declaratory Judgment"**

30. Plaintiff has moved to dismiss Defendant's declaratory judgment claims pursuant to Rule 12(b)(6). Therefore, no answer is required at this time. Fed. R. Civ. P. 12(a)(4).

## V. Response to "DAMAGES & LIABILITY"

31. The unnumbered paragraph entitled "Damages & Liability" in Defendant's Counterclaim contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies the allegations in this paragraph. Further, as for Defendants' claim for attorneys' fees under the Texas and Federal Declaratory Judgment Acts, Plaintiff has moved to dismiss Defendant's declaratory judgment claims pursuant to Rule 12(b)(6). Therefore, no answer is required at this time. Fed. R. Civ. P. 12(a)(4).

## AFFIRMATIVE DEFENSES

32. Pursuant to Fed. R. Civ. P. 8(c)(1), Plaintiff pleads the following affirmative defenses to Defendant's Counterclaim:

- Estoppel, including quasi estoppel or estoppel by contract;
- Fraud;
- Illegality;
- Unclean hands; and
- Waiver.

33. Plaintiff may rely upon other or additional defenses of which it may become aware during discovery, and reserves the right to amend this answer to assert any such defenses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment wherein Defendant receives nothing on its counterclaim and causes of action and awards Plaintiff all other and further relief to which Plaintiff may show itself entitled.

Respectfully submitted,

Hajjar | Peters, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By: */s/ Joshua Eames-Cepero*
Joshua Eames-Cepero
State Bar No. 24109826
Southern District No. 3355889
jeames@legalstrategy.com
Attorney-in-Charge

*/s/ Matthew Baumgartner*
**Matthew Baumgartner**
State Bar No. 24062605
Southern District No. 1626953
mbaumgartner@abaustin.com
**David King**
State Bar No. 24083310
Southern District No. 2414517
dking@abaustin.com
**Guillermo A. Alarcon**
State Bar No. 24099176
Southern District No. 3122674
galarcon@abaustin.com
**Armbrust & Brown, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Telecopier (512) 435-2360
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, a true and correct copy of the above and foregoing was filed on the CM/ECG system and served on all counsel of record via electronic notices in compliance with the Federal Rules of Civil Procedure:

**Via e-service**
Sara Prasatik
sprasatik@wcglaw.com
Scot Clinton
sclinton@wcglaw.com
2500 Fannin Street
Houston, Texas 77002

                             */s/ Joshua Eames-Cepero*
                             Joshua Eames-Cepero