# EXHIBIT A

{W0802327.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, LLC, | § | |
|     *Defendant.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties met telephonically on February 2, 2023. Matthew Baumgartner attended for Plaintiff, and Robert MacNaughton attended for Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no related cases.

3. <u>Briefly</u> describe what this case is about.

   Plaintiff and Defendant entered into a contract for the sale of real estate located in Houston, Texas. As part of the contract, Defendant was required to deposit $650,000 in earnest money with the title company. On October 26, 2022, Defendant asserted that it had terminated the contract. Defendant asserts that it was entitled to terminate the contract because of an exception in the title opinion, and therefore it is entitled to a refund of the earnest money. Plaintiff contends that Defendant was not entitled to terminate the contract, and therefore Plaintiff is entitled to the earnest money. The contract makes the earnest money the exclusive remedy for Defendant's breach, so Plaintiff does not seek specific performance. The title company has intervened to place the funds into the registry of the court.

   Plaintiff also asserts that Defendant committed a trespass when it went onto the property and removed a power line pole without Plaintiff's permission. Defendant contends that it did not conduct the alleged trespass and the power company took all actions; however, regardless, Defendant would have had the right to do so under the contract as amended.

4. Specify the allegation of federal jurisdiction.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Delaware and Defendant is a citizen of Texas. The amount in controversy exceeds $75,000.

5. Name the parties who disagree and the reasons.

   Plaintiff and Defendant disagree about whether Defendant is entitled to a refund of the deposit money and whether Defendant had permission to enter the property to remove a power line pole.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   The parties do not anticipate any additional parties.

7. List anticipated interventions.

   The title company, Fidelity National Title Insurance Company, has intervened for the purpose of interpleading the earnest money at issue in this case.

8. Describe class-action issues.

   There are no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will exchange initial disclosures on or before March 10, 2023.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       (A) The parties will exchange initial disclosures on or before **March 10, 2023**.

       (B) The parties will conduct discovery regarding the title company's exception relating to the removal of the power line pole, communications between the parties and the title company, and the execution of the purchase/sale agreement and its amendments.

       (C) The parties will produce electronically stored information by producing either native files or TIFF images with load files to the extent necessary for the complexities of, and claims in, this case.

       (D) The parties will submit an agreed protective order.

  (E)  The parties do not anticipate any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or local rules.

  (F)  The parties will submit an agreed protective order and a proposed scheduling order.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to Defendant after the parties exchange initial disclosures and the documents described by Fed. R. Civ. P. (a)(1)(ii).

C. When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates sending interrogatories to Plaintiff after the parties exchange initial disclosures and the documents described by Fed. R. Civ. P. (a)(1)(ii).

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates deposing a representative for Defendant and a representative for the title company after the parties have exchanged initial disclosures and after Defendant produced documents requested by Plaintiff.  As discovery continues, Plaintiff may uncover the need to depose additional witnesses.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates deposing a representative for Plaintiff and a representative for the title company after the parties have exchanged initial disclosures and after Plaintiff produced documents requested by Defendant.  As discovery continues, Defendant may uncover the need to depose additional witnesses.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff and Defendant (who has filed a counterclaim) anticipate that they will be able to designate their experts by May 26, 2023.  The parties expect that they will designate responsive experts by July 28, 2023.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

To the extent Plaintiff needs to depose Defendant's experts, Plaintiff anticipates that such depositions will occur by September 29, 2023.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

To the extent Defendant needs to depose Plaintiff's experts, Plaintiff anticipates that such depositions will occur by September 29, 2023.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    No disagreement at this time.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    To date, the parties have not undertaken discovery.

13. State the date the planned discovery can reasonably be completed.

    October 31, 2023.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    An informal meeting of principals for the parties, with counsel present, to occur within the next month.

    A mediation before the end of discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties are scheduling an informal meeting to resolve this matter.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    The parties will participate in an informal meeting to discuss and attempt to resolve their dispute. If they are unsuccessful, they will participate in a formal mediation after time for initial discovery.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties agree that the trial of this case should not be before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

A jury demand has not been made.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties anticipate 10 hours per side for evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Plaintiff's partial motion to dismiss Defendant's declaratory judgment counterclaims remains pending. Defendant has not filed a response in opposition.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    From Plaintiff: None at this time.

    From Defendant: Defendant will withdraw its state pleading specific extra counterclaim, and request the right to amend the answer and counterclaim to do so, or in conjunction therewith.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Counsel for Plaintiff:**                                Date: February 7, 2023

**MATTHEW BAUMGARTNER**
Texas State Bar No. 24062605
Southern District of Texas No. 1626953
mbaumgartner@abaustin.com
(512) 435-2308
*Attorney in Charge*

**DAVID KING**
Texas State Bar No. 24083310
Southern District of Texas No. 2414517
dking@abaustin.com
(512) 436-2305

**GUILLERMO ALARCON**
Texas State Bar No. 24099176
Southern District of Texas No. 3122674
galarcon@abaustin.com
(512) 435-2383
ARMBRUST & BROWN, PLLC

100 Congress Avenue, Suite 1300
Austin, Texas 78701
***Of Counsel***

**Counsel for Defendant:**                                                    Date: February 7, 2023

J. Robert MacNaughton
Texas State Bar No. 00789944
Southern District of Texas No. 18350
robert@porterfirm.com
(713) 600-4314
Porter Law Firm
2221 S. Voss Road
Houston, Texas 77057
***Attorney in Charge***