# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| KH-REIT II FUNDING XXII, LLC<br>*Plaintiff*<br>v.<br>GRANT MEADOWS, LLC<br>*Defendant* | )<br>)<br>)  Civil Action No. 4:22-CV-3730<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: CenterPoint Energy Houston Electric, LLC

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: 917 Franklin St, Ste 350, Houston, TX 77002<br>(or at such other mutually agreed place and time) | Date and Time:<br>07/07/2023 9:00 am |
|---|---|

The deposition will be recorded by this method: Written questions before a notary public. See Exhibit A

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/20/2023

*CLERK OF COURT*

OR

/s/ Matthew Baumgartner

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* KH-REIT II Funding XXII, LLC                    , who issues or requests this subpoena, are:
Matthew Baumgartner, 100 Congress Ave., Ste 1300, Austin, TX, 78701, mbaumgartner@abaustin.com, 512-435-2300

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

*SERVICE RETURN ATTACHED*

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:22-CV-3730

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

# EXHIBIT A

## DEPOSITION ON WRITTEN QUESTIONS

Question 1.: Please state your full name, occupation, official title, and business address.

**ANSWER:**

_____
_____
_____
_____

Question 2.: Are you the custodian of records for CenterPoint Energy Houston Electric, LLC?

**ANSWER:**

_____
_____
_____
_____

Question 3.: In your capacity as custodian of records for CenterPoint Energy Houston Electric, LLC, are you familiar with whether CenterPoint Energy Houston Electric, LLC maintains records of its business activities?

**ANSWER:**

_____
_____
_____
_____

Question 4.: Are the records of CenterPoint Energy Houston Electric, LLC kept under your care, supervision, custody, or control?

**ANSWER:**

_____
_____
_____
_____

{W1230241.1}

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

Question 5.: Was it in the regular course of business activity of CenterPoint Energy Houston Electric, LLC for employees, with personal knowledge of the act, event, condition, opinion, or diagnosis identified in the records, to make such records or to transmit such information to be included in the records?

**ANSWER:**

_____
_____
_____
_____

Question 6.: Were the records made at or near the time of the act, event, condition, opinion, or diagnosis identified in the records or within a reasonable time thereafter?

**ANSWER:**

_____
_____
_____
_____

Question 7.: Were the records made and kept in the regular course of daily business activities by CenterPoint Energy Houston Electric, LLC?

**ANSWER:**

_____
_____
_____
_____

Question 8.: Were the records transmitted to your files, and did you maintain the records as part of your official duties as the custodian of records for CenterPoint Energy Houston Electric, LLC?

**ANSWER:**

_____
_____

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

Question 9.:   Please hand the originals or exact duplicates of records to the notary public taking your deposition for photocopying and attachment to this deposition. Have you now given all records to the notary public taking your deposition? If not, identify for the notary public the records and documents you did not produce and explain why you did not produce them.

**ANSWER:**

Question 10.:   In the event you are unable to find any of the records requested in the subpoena you received, how long does CenterPoint Energy Houston Electric, LLC maintain its files, and does CenterPoint Energy Houston Electric, LLC ever destroy its files?

**ANSWER:**

Question 11.: Are you aware of any other persons that may have possession of records pertaining to the subject matter of this lawsuit? If so, please state the name and address of such entity or person, if known.

**ANSWER:**

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

Witness's Signature:_____

Witness's Name:_____

I, _____, a Notary Public in and for the State of Texas, do hereby certify that the foregoing answers of the witness were made by the said witness and sworn to and subscribed before me.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this _____ day of _____,2023.

_____
Notary Public, State of Texas

_____

My commission expires:_____

(Seal)

{W1230241.1}　　　　　　　　　　　4

SERVICE RETURN ATTACHED
ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

# EXHIBIT B

## REQUEST FOR PRODUCTION OF DOCUMENTS

**I. Definitions and Instructions:**

1. *You* and *Your*. The term "You" and "Your" means and refers to CenterPoint Energy Houston Electric, LLC, and includes any of its employees, attorneys, agents, representatives and contractors.

2. *Concerning*. The term "Concerning" means relating to, referring to, describing, evidencing or constituting.

3. *Document*. The term "Document" shall mean and include all written, graphic or otherwise recorded matter, however produced or reproduced, pertaining in any manner to the subject matter indicated, and includes, without limiting the generality of the foregoing, all, originals, copies, non-identical copies (or copies different from the originals due to notes made on such copies or because of indications that such copies were sent to different individuals than the original or different for any other reason) and drafts of all:

   (A) Statements, reports, notes, memoranda, forms;
   (B) Diaries, calendars, appointment books, telephone slips;
   (C) Records, transcripts, computer printouts, recordings, and memoranda of events;
   (D) Correspondence, including letters, intra-office communications and memoranda, telegrams, e-mails, facsimile transmissions, teletype messages, cables; and
   (E) Ledgers, books of account, invoices, bills, expenses account reports, vouchers and statements.

4. *Property*. The term "Property" means the real property located at 2701 Main Street, Houston, Texas 77002.

5. Unless otherwise indicated by a specific request, the time period for these requests in January 1, 2021 to the present.

**II. Please produce the following Documents and things:**

1. All documents and communications concerning power poles and other electrical facilities located on the Property.

2. All documents and communications between you and Main 2601 Partner, LLC concerning power poles and other electrical facilities located on the Property.

3. All documents and communications between you and Main 2601 Partners, LLC concerning the Property.

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

4. All documents and communications between you and Martin Esparza concerning the Property.

5. All documents and communications between you and Martin Esparza concerning power poles and other electrical facilities located on the Property.

6. All communications between you and any third party concerning a claim or assertion that the Property is burdened by an easement, servitude, or covenant (or anything similar to an easement, servitude, or covenant) that prevented the owners of the Property from removing, relocating, or altering any power poles or other electrical facilities on the Property.

7. All communications between you and Main 2601 Partners, LLC concerning electrical service to any property that is located within a mile of the Property.

8. All documents and communications between you and Oxberry Group concerning the Property.

9. All documents and communications between you and Oxberry Group concerning power poles and other electrical facilities located on the Property that serve or served any properties owned by you.

10. All communications between you and Grant Meadows, LLC concerning the Property.

11. All documents and communications between you and Grant Meadows, LLC concerning power poles and other electrical facilities located on the Property.

12. All documents and communications between you and Shahin Jamea concerning the Property.

13. All documents and communications between you and Shahin Jamea concerning power poles and other electrical facilities located on the Property.

14. All documents and communications between you and PJ Jamea concerning the Property.

15. All documents and communications between you and PJ Jamea concerning power poles and other electrical facilities located on the Property.

16. All documents and communications between you and Barry Espinosa concerning the Property.

17. All documents and communications between you and Barry Espinosa concerning power poles and other electrical facilities located on the Property.

18. All documents and communications between you and Fidelity National Title Insurance Company concerning the Property.

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

19. All documents and communications between you and Fidelity National Title Insurance Company concerning power poles and other electrical facilities located on the Property.

20. All documents and communications between you and Maxwell Rizzo concerning the Property.

21. All documents and communications between you and Maxwell Rizzo Title Insurance Company concerning power poles and other electrical facilities located on the Property.

22. All documents and communications between you and Nathan Sommers Jacobs, LLP concerning the Property.

23. All documents and communications between you and Nathan Sommers Jacobs, LLP concerning power poles and other electrical facilities located on the Property.

24. All documents and communications between you and any third party concerning the Property.

25. All documents and communications between you and any third party concerning power poles and other electrical facilities located on the Property.

26. All documents and communications between you and any third party concerning the removal, alteration, or relocation of anyu power poles and other electrical facilities on the Property.

SERVICE RETURN ATTACHED

ATX Process, LLC
1411 West 6th Street
Austin, TX 78703

# AFFIDAVIT OF SERVICE
## UNITED STATES DISTRICT COURT
### Southern District of Texas

Case Number: 4:22-CV-3730

Plaintiff: **KH-REIT II Funding XXII, LLC**
vs.
Defendant: **Grant Meadows, LLC**

For: Armbrust & Brown, PLLC

Received by Caleb Malone on the 28th day of June, 2023 at 9:21 am to be served on **CenterPoint Energy Houston Electric, LLC c/o its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Dallas County, TX 75201.** I, _Caleb Malone_, being duly sworn, depose and say that on the _28_ day of _June_, 20_23_ at _1:50_ P.m., executed service by delivering a true copy of the **Subpoena to Testify at a Deposition in a Civil Action with $357 Witness Tender and Exhibits A and B** in accordance with state statutes in the manner marked below:

(✓) CORPORATE SERVICE: By delivering to _Teri Thongsavat_ (individual accepting) as _Intake Specialist_ (title), at _1999 Bryan St Suite 900_ (street), _Dallas_ (city), _Texas_ (state) _75201_ (zip code) _Dallas_ (county).

( ) PUBLIC AGENCY: By delivering to _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) SUBSTITUTE SERVICE: By delivering to _____ (individual accepting) as _____ (relationship/title) at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) GOVERNMENT AGENCY: By delivering to _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) NON SERVICE: For the reason detailed in the comments below.

COMMENTS: _____

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which this process was delivered. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the _28_ day of _June_, _2023_ by the affiant who is personally known to me.

NOTARY PUBLIC

PROCESS SERVER # _PSC1574 exp 6/31/23_
Appointed in accordance with State Statutes

ATX Process, LLC
1411 W. 6th Street
Austin, TX 78703
(512) 717-5600

Our Job Serial Number: 2023008905
Ref: KH-REIT II Funding XXII, LLC

BETHANY PALLISTER
Notary Public, State of Texas
Comm. Expires 03-01-2024
Notary ID 129009103

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m