IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, L.L.C. and SHAHIN JAMEA, | § | |
| | § | |
|    *Defendants.* | | |

## PLAINTIFF'S SUPPLEMENTAL COMPLAINT AGAINST SHAHIN JAMEA

Plaintiff KH-REIT II Funding XXII, LLC files this Supplemental Complaint against Shahin Jamea and in support shows the following.

### I. INTRODUCTION

1. Plaintiff has sued Grant Meadows, LLC for breach of contract and trespass. (Doc. 1). Shahin Jamea is a member and manager of Grant Meadows, LLC. He is the party responsible for the trespass, and therefore is individually liable. *See Thule Drilling ASA v. Schimberg*, 290 Fed.Appx. 745, 746 (5th Cir. 2008) ("In Texas, it is a longstanding rule that a corporate agent is personally liable for his own fraudulent or tortious acts.") (internal quotation marks omitted). Accordingly, Plaintiff files this Supplemental Complaint to add Mr. Jamea as a defendant.

### II. PARTIES

2. Plaintiff KH-REIT II Funding XXII, LLC, is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Connecticut. Its sole member is Knighthead SSRE REIT II, Inc., which is a Delaware corporation with its principal place of business in Connecticut.

3. Defendant Grant Meadows, L.L.C. is a Texas limited liability company. All its members are citizens of the State of Texas. It has made an appearance in this lawsuit.

4. Defendant Shahin Jamea is a citizen of Texas who resides in Harris County, Texas. Mr. Jamea may be served at 2429 Bissonnet Street, Suite 615, Houston, Texas 77005.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this district because it is where Defendants reside, where a substantial part of the events or omissions giving rise to the claim occurred, and where the property that is the subject of the lawsuit is located. 28 U.S.C. § 1391(b)(1)&(2).

### IV. FACTUAL BACKGROUND

7. Effective March 31, 2022, Plaintiff entered into a sale agreement to sell to Defendant Grant Meadows, L.L.C. two tracts of real property located at 2701 and 2627 Main Street in the City of Houston, Texas ("Property"). The Sale Agreement had an original closing date of August 28, 2022. At Defendant's insistence, the parties entered into amendments to the agreement, and extended the closing date to October 28, 2022. At all times during the negotiations, Defendant Grant Meadows, L.L.C. acted through its agent, Defendant Shahin Jamea.

8. In an April 25, 2022 letter, the owner of a tract of land adjacent to the Property erroneously asserted that Plaintiff has certain obligations with respect to the relocation of electrical facilities on the Property under an unrecorded purchase and sale agreement between the neighbor and Plaintiff's predecessor-in-title. Plaintiff acquired title to the Property via a foreclosure and is thus not a party to the contract between the neighbor and Plaintiff's predecessor. Plaintiff never

assumed any obligations under that contract, or otherwise acquired any of its predecessor's contractual obligations or liabilities. Such contractual obligations and liabilities, to the extent they ever existed, do not run with the land.

9. Nonetheless, out of an abundance of caution, Plaintiff promptly notified Defendants of the neighbor's erroneous assertions. In addition, Mr. Jamea was well aware of the neighbor's claims and was discussing them directly with the neighbor:

> From: Shahin Jamea <sjamea@oxberrygroup.com>
> Sent: Thursday, April 21, 2022 4:38 PM
> To: Brent Friedman <brent@parklanecompanies.com>
> Cc: becky@currentstanding.com
> Subject: Re: Surveys. [GSB]
>
> Thanks Brent. Same here.
>
> Please send me the agreement regarding electricity and transformer. We don't find anything on the title commitment as a recorded instrument.
>
> Sean Jamea

10. On May 3, 2022, Plaintiff and Grant Meadows entered into a first amendment to the Sale Agreement. That amendment dealt specifically with the electrical infrastructure on the Property. That agreement gave Grant Meadows Plaintiff's permission to remove or relocate a power pole on the Property. However, before doing so, Grant Meadows was required to submit its plans to Plaintiff for "prior review" and approval." Grant Meadows was also required to get insurance before removing or relocating the power pole. The first amendment said that the removal or relocation of the power line pole "*is not a condition to closing*."

11. As stated, the parties—at Mr. Jamea's insistence—and for additional earnest money consideration, agreed to push the closing date from August to October. But Mr. Jamea, could not resolve his problems before the new closing date, and when that date approached, he set out to

create a pretextual reason to avoid his closing obligations and retain the earnest money. He did so because his business plans for purchasing the Property were falling apart, even assuming they ever had a realistic chance to succeed. By the time the market conditions shifted, in the fall of 2022, it was clear his plans for the Property would not work and he needed an excuse to void the sale agreement, or lose $650,000 in earnest money.

12. On information and belief, in October 2022, Mr. Jamea entered onto the Property, or caused others to do so, without permission or approval from Plaintiff, and without legal authority, and removed the power line pole and associated transmission lines. This action constituted a trespass. By that time, Mr. Jamea had no intention of closing on the contract.

13. Mr. Jamea's wrongful removal of the power line pole and transmission line further prompted the title company, Fidelity National Title Insurance company, on October 24, 2022, to issue a revised title commitment containing a new exception relating to the power line pole and transmission lines. In response, Grant Meadows lodged "supplemental title objections" to the same new exception. In other words, Grant Meadows objected to the new title exception that it and Mr. Jamea caused by way of their trespass and wrongful removal of the pole and transmission lines. Grant Meadows's supplemental title objections also included additional meritless objections that were not permissible bases for termination.

14. On October 26, 2022, Grant Meadows asserted that it was terminating the contract based on the new title exception. It is now clear that Mr. Jamea and Grant Meadows's trespass was aimed at causing the title exception to give Grant Meadows a pretext for terminating the contract. To date, Grant Meadows's production of documents has been woefully deficient. But the little Grant Meadows has produced and the evidence that Plaintiff has been able to subpoena from third parties confirm that Grant Meadows and Mr. Jamea were attempting to gin up a title

exception to give them the pretext they needed. For example, on September 26, 2022—a month before closing—Mr. Jamea texted the owner of the neighboring property asking for a phone call. Two weeks later, the neighbor responded: "I've not been able to tie off w lawyer, per our discussion." Two days later he sent another text saying: "Hey, Talked to lawyer (Max). He explained why obligations run w ppty and responsibility of bank (Knighthead?), even tho foreclosed. I asked him to send in letter to their lawyer."[1]

15. After soliciting a demand letter from the neighbor, Grant Meadows's attorney followed up with the title company asking: "will any exceptions be added to title based off the demand letters?" The title company added an exception five days later.

16. Thus, it is clear that Mr. Jamea committed the trespass in order to give Grant Meadows a pretext for terminating the contract.

## V. COUNT ONE – TRESPASS

17. Plaintiff repeats and re-alleges each paragraph above.

18. Plaintiff holds title to the Property. By entering the Property or causing others to enter the Property and removing the power line pole and transmission lines without Plaintiff's consent, Mr. Jamea has engaged in trespass and property damage. Plaintiff has suffered injury as a result of Mr. Jamea's misconduct, including, but not limited to, loss resulting from Plaintiff's inability to close on the $14.375 million contract (Grant Meadows has asserted that the Property's fair market value is $5.3 million less than the contract price), the diminution in value of the Property resulting from the trespass, the cost to replace or restore the removed power line pole and/or transmission lines, damages due to the loss of power, and the cost to repair any further

---

[1] Grant Meadows has failed to produce its communications with the neighbor. Plaintiff had to subpoena these communications from the neighbor.

{W1243692.1}

Plaintiff's Supplemental Complaint

damage to the Property and adjacent property. On information and belief, Defendant's misconduct was committed with malice or gross negligence.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter a judgment in Plaintiff's favor and against Defendant Shahin Jamea, awards Plaintiff its attorneys' fees and costs of court, and awards Plaintiff all other and further relief to which Plaintiff may show itself entitled.

Respectfully submitted,

*/s/ Matthew Baumgartner*
**MATTHEW BAUMGARTNER,**
*Attorney in Charge*
State Bar No. 24062605
Southern District No. 1626953
mbaumgartner@abaustin.com
**DAVID KING**
State Bar No. 24083310
Southern District No. 2414517
dking@abaustin.com
**GUILLERMO A. ALARCON**
State Bar No. 24099176
Southern District No. 3122674
galarcon@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
Telephone (512) 435-2300
Telecopier (512) 435-2360
Of Counsel

CERTIFICATE OF SERVICE

      I hereby certify that on July 9, 2023, a true and correct copy of the above and foregoing was filed on the CM/ECF system and served on all counsel of record.

*/s/ Matthew Baumgartner*
Matthew Baumgartner
