UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH REIT II FUNDING XXII, LLC, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:22-cv-03730 |
| | § | |
| GRANT MEADOWS, LLC, | § | |
|    *Defendant*. | § | |
| | § | |
| *and* | § | |
| | § | |
| FIDELITY NATIONAL TITLE | § | |
| INSURANCE COMPANY, | § | |
|    *Third-Party Interpleader*, | § | |
| | § | |
| v. | § | |
| | § | |
| KH REIT II FUNDING XXII, LLC, and | § | |
| GRANT MEADOWS, LLC, | § | |
|    *Third-Party Defendants*. | § | |

## RESPONSE TO MOTION TO COMPEL

Defendant, Grant Meadows, LLC ("**Defendant**"), files this Response to Motion to Compel ("**Response**"). Plaintiff KH-REIT Funding XXII, LLC ("**Plaintiff**") filed its Motion to Compel ("**Motion**") contending incorrectly that Defendant refuses "to search and produce relevant documents," Plaintiff's "efforts to obtain discovery have failed," and Defendant "never intended to cooperate – and will never cooperate – in discovery," wherein Plaintiff seeks a sanctions order against the Defendant.

## Summary and Relief Requested

Defendant requests that the Court deny the Plaintiff's Motion. Defendant has produced documents requested in response to written discovery requests, supplemented the response to both written and oral document requests, and has performed searches as requested by Plaintiff to

1

produce relevant documents in the possession and control of the Defendant. Plaintiff remains obstinately in denial that Defendant is trying to produce all relevant documents for Plaintiff's simple, if misguided, claim for breach of a purchase agreement for real property in Mid-town.

## Factual Background

Plaintiff was originally a lender to Caydon Houston Property 2, LP, as borrower, and a prior owner of the subject real property located in the mid-town area of Harris County Texas ("**Property**"). Plaintiff acquired the Property from its borrower through foreclosure by a Substitute Trustee's Deed dated April 6, 2021 recorded under instrument no. RP-2021-191476.

Effective March 32, 2022, Plaintiff (as seller) and Defendant (as potential buyer) entered into a Sale Agreement, as amended ("**PSA**"), for a certain real property, which agreement contained customary conditions and rights related to a buyer's right to object to title issues raised in the third-party title company's schedules prepared for any subsequent title insurance. Fidelity National Title Company ("**Title Company**") was the title company for the PSA and any closing.

The Title Company issued a revised commitment on October 24, 2022, asserting new exceptions to title for the Property. As a result, Defendant exercised its contractual right to terminate the contract based upon the title exceptions. Plaintiff herein contends that the Defendant breached the PSA by so exercising that the right, attempting to claim the exception set out by the Title Company and not the Defendant, was somehow a fabrication orchestrated by Defendant.

## Discovery Dispute

Defendant provided Rule 26 initial disclosures March 10, 2023. Plaintiff also issued written discovery request for documents to Defendant which Defendant responded to on March 17, 2023. *See copy of response to attached as Exhibit "1" hereto*. The parties had an agreement to exchange documents on May 15, 2023.

On May 16, 2023, Plaintiff complained that the documents produced did not contain sufficient metadata for each document and required Defendants to re-produce the documents. This request for metadata was not in the Plaintiff's original requests.

On or about June 9, 2013, after engaging a third-party electronic discovery vendor, Defendant re-produced and supplemented their document production. Defendant produced 7393 pages in 969 documents to provide Plaintiff with access to additional metadata information. By oversight and without any intent, Defendant failed to check the "outbox' for their emails ("**Outbox Documents**").

Plaintiff sent a letter on June 27, 2023 ("**June 27, 2023 Letter**") stating that the "[Defendant's] production appears to be incomplete." Plaintiff therein asked that Defendant to "conduct [a] sufficient search for such documents and communications, and produce them accordingly." Plaintiff's June 27, 2023 Letter makes further similar requests to "Please make sure [Defendant] has conducted a comprehensive search for documents and communications." Counsel for Defendant verified with the client's representative that the Defendant had done and would again do a comprehensive search for documents and communications.

Plaintiff's June 27, 2023 Letter also then stated that if Plaintiff was withholding documents, to explain why they were being withheld. Defendants are not withholding any documents. As of June 9, 2023, the Defendant believed that it had produced all responsive documents (subject to the limited objections raised), from the files they maintained and the emails they had related to the PSA transaction.

Plaintiff served notice of deposition of Defendant's representative (without any document request) on July 3. 2023. The deposition was held on July 26, 2023, and at that time Plaintiff presented documents they obtained from third-parties indicating Defendant's representative

3

generated some communications to or with the third-parties. At that time, Defendant agreed to supplement discovery and revisit doing a complete review of documents to produce Outbox Documents and any additional documents that may have been unintentionally missed previously.

Based upon the Plaintiff's prior request, the Defendant contacted its third-party electronic discovery vendor to arrange for an upload of the Defendant's email Outlook. Defendant had its hard drive uploaded to ensure no documents were missed and to be prepared for any additional demands by the Plaintiff.

On August 15, 2023, Plaintiff sent a letter complaining in relevant part that Defendant had failed to produce communications from the outbox, and communications from lenders and investors (subject to Defendants' objections). Defendant's counsel called Plaintiff's counsel in an attempt to cooperate with Plaintiff's counsel and sent an email August 31, 2023. Before a response was provided, Plaintiff filed its Motion on August 31, 2023.

On September 5, 2023, Defendant's counsel, again emailed Plaintiff's counsel and attempted to get an agreement on parameters for document searches to provide supplemental documents. On September 12, 2023, Plaintiff's counsel refused to cooperate, and denied that search parameters were appropriate for this case[1] asserting that Defendant should do a physical search of each document.

Defendant has provided the hard drive and all of its Outlook email to its third-party electronic discovery vendor. The initial uploading of this data indicates that there are at least 460,000 pages in 96,000 documents that are to be reviewed by the Defendant for document production. The Defendant has begun and is attempting to review each of these documents physically because the Plaintiff has demanded it despite the size and cost to do so to date.

---

[1] This position is in contrast to the Plaintiff's previously requirement that Defendant provide metadata through a third-party electronic discovery vendor.

Regardless of Plaintiff's position, the Defendant is also using search parameters to try to more quickly identify additional potentially responsive documents. Defendant is willing and would readily agree on search parameters, supplemental search parameters, and supplemental reviews with the Plaintiff, if the Plaintiff will agree.

**Argument**

Defendants have cooperated in discovery despite the time in getting supplemental documentation to the Plaintiff. Plaintiff's initial discovery requests were obsequiously general in nature, but based upon the basic claim in this case of breach of contract,[2] responding to the document request seemed readily doable.

Plaintiff is demanding renewed and expansive searches for communication it believes should be there to support Plaintiff's narrative that Defendant orchestrated actions by the title company to create an exception to title because the Defendant purportedly wanted out of the PSA because it did not want to perform.

Defendant had a right to follow the PSA contract that was entered between the parties. Defendant followed the terms of the PSA and terminated it. Plaintiff's claim is for breach of contract, not conspiracy to commit fraud. Plaintiff's demand for physical inspection of each email and all documents in Defendant's hard drive is unwarranted.

Plaintiff has asserted three points in its Motion contending that it has a right to an order to compel discovery.

**1st Point:** Insufficient search - emails only and no documents from hard drive

Plaintiff contends that Defendant has insufficiently searched its documents and provided only emails and no documents from Defendant's hard drive (or files). Defendant has produced the

---

[2] The Plaintiff has also asserted a "trespass" claim related to pre-closing inspection and access to the Property as part of the PSA, regarding Center Points actions in removing an unused power pole in its easement.

PSA and related documents from its files. Defendant has produced what it believes is all responsive documents from its emails regarding this PSA transaction. Defendant in error did not initially produce responsive documents out of its outbox. Defendant is producing those in supplement. Defendant is also verifying that it has produced, or will supplement, all responsive documents out of its hard drive (its files).

Defendant has done an initial review of all documents on the hard drive and is completing the same from its outbox. Defendant has produced all responsive documents to date, and will produce any further responsive documents located in the future. Defendant requests additional time to use a parameters electronic review of the documents as may be agreed, if the court deems that such should be done. If Defendant is required to undertake physical inspection, the Defendant request additional time to complete the review of approximately 100,000 documents.

**2nd Point:** Insufficient search - only inbox emails and no outbox emails

Plaintiff contends that Defendant has insufficiently reviewed only the inbox in Outlook to retrieve responsive documents. Defendant has reviewed all documents in its project related folders and files and produced all responsive documents. Defendant is currently reviewing all Outlook documents, including its outbox, and is producing any supplementally responsive documents. If Defendant is required to do a physical review it will take a significant amount of addition time. By accident, Defendant did not review its outbox, but has been trying to cooperate with the Plaintiff to supplement with any responsive documents and has this being done by a "parameter" review, despite Plaintiff's refusal to agree to that method.

We produced inbox responsive documents. Oversight caused by communications between attorneys, service provider, and client, we did not get documents from the outbox. Defendant learned of this oversight in the deposition of the Defendant's representative, when Plaintiff

addressed this specific issue for the first time. Plaintiff did not bring this issue to the Defendant during the several weeks between the time the documents were produced and when the deposition occurred.

**3rd Point:**     Withholding  -     Key witness communication

The Plaintiff's Motion asserts withholding as to communications with "key witnesses," apparently in response to third-party discovery emails Plaintiff has located and produced at the Deposition.[3] These third-party communications are what provided notice that Defendant still needed to produce response documents out of their email outboxes. As set out above, Defendant supplemented the documents uploaded and has reviewed those documents by parameter review. Defendant is providing supplementation for any additional responsive documents.

Defendant has not sought to avoid discovery or hide information from Plaintiff. Defendant has tried to cooperate with the Plaintiff who has given Defendant differing requirements along the way. Defendant denies sanctions are appropriate.

**Objection to Documents Attached to Motion**

Defendant objects to each non-original document attached to the Plaintiff's Moton as hearsay without exception, and suffering a lack of authentication (Exhibits 3 -13, 16, 18-21, 23, and 25). *See* F.R.E. 802 AND 803. The Defendant requests that the Court sustain its objection to these Exhibits.

Defendant objects to the Plaintiff's attorney fee affidavit (Exhibit 24 in the attachment to the Motion) as failing to meet the standards for reasonableness and necessity of attorney's fees and

---

[3] Certain of Plaintiff's requests sought private financial information with lenders and/or investors. Defendant has raised objections to these requests as not relevant to a breach of the OSA contract. Plaintiff's discovery communications on this matter raise a concern that Defendant was withholding documents without basis. Plaintiff has failed to address and ignores the objections, and the Motion does not assert any withholding related to these requests.

segregation of fees for any work only related to any insufficient discovery responses (if any) and Motion. *See Blanchard v* Bergeron, 489 U.S. 87, 91; 109 S.Ct. 939 (1989). The affidavit does not actually address or discuss any of the "*Johnson factors*" and merely sets out the *Arthur Anderson* state of Texas factors. The time claimed is excessive and some of it is not related to the discovery at issue. *See Grant v Martinez*, 973 F.2d. 96, 99 (2nd Cir. 1992). The Affidavit itself merely recites total hours claimed by two different attorneys. The attached invoice shows 26.6 hours by one attorney related to preparing and attending a deposition which is not the subject of the Motion. Even if any part of this deposition were related to necessary work to obtain additional discovery responses after a shown refusal, that amount of time is not reasonable.

The attached invoice shows 26.2 hours for drafting the Motion by one attorney and 2.2 hours reviewing and revising the Motion. That amount of time is not reasonable. The rest of the time shown on the invoice is not related to the Motion. The Defendant requests that the Court sustain its objections to the Attorney affidavit (Exhibit 24),

### PRAYER

Wherefore, premises considered, Defendant respectfully requests that the Court deny the Motion to Compel in full, alternatively deny the requirement to inspect each document physically and allow Defendant more time to review its documents through agreed upon parameters and produce any additional documentation found, and grant Defendant all other relief to which it may be entitled at law or in equity.

PORTER FIRM, PLLC

By: */s/J. Robert MacNaughton*
    J. Robert MacNaughton
    State Bar Texas No. 00789944
    SDTX Fed. ID. 18350
    robert@porterfirm.com
    2221 S. Voss Road, Suite 200
    Houston, Texas 77057
    Tel.: 713-621-0700
    Fax: 713-621-0709

**ATTORNEYS FOR DEFENDANT
GRANT MEADOWS, L.L.C.**

**OF COUNSEL:**

PORTER FIRM, PLLC
Weston Prescott Ray
State Bar Texas No. 234098307
SDTX Fed ID. 3134994
westron@porterfirm.com
Brad E. Porter
State Bar Texas No. 24048741
brad@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading was served on all counsel of record on September 21, 2023.

Matthew Baumgartner
David King
Armbrust & Brown, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701

    */s/J. Robert MacNaughton*
    J. Robert MacNaughton