**EXHIBIT "1"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CAUSE NO. 4:22-CV-03730 |
| | § | |
| GRANT MEADOWS, L.L.C. | § | |
| *Defendant.* | § | |

### DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO: KH-REIT II FUNDING XXI, LLC, by and through its attorneys of record, Matthew Baumgartner, Armbrust & Brown, 100 Congress Avenue, Suite 1300, Austin, Texas 78701

Grant Meadows, L.L.C. ("**Grant Meadows**" or "**Respondent**"), a defendant in the above-styled and numbered cause of action and serves these Objections and Responses to Plaintiff's First Request for Production, pursuant to the Federal Rules of Civil Procedure 34.

Respectfully submitted,

By: */s/ J. Robert MacNaughton*
J. Robert MacNaughton – *attorney in charge*
State Bar No. 00789944
SDTX No. 18350
robert@porterfirm.com
2221 S. Voss Rd.,
Houston, Texas 77057
713-621-0700 Telephone
713-621-0709 Facsimile

OF COUNSEL:

**PORTER LAW FIRM, PLLC**
Weston P. Ray
State Bar No. 24098307
weston@porterfirm.com
2221 S. Voss Road, Suite 200

1

**EXHIBIT "1"**

Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      A true and correct copy of the foregoing was served on the attorneys of record or pro se party as listed on March 17, 2023.

Matthew Baumgartner
David King
Guillermo Alarcon
ARMBRUST & BROWN, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701

                                       */s/ J. Robert MacNaughton*
                                        J. Robert MacNaughton

## OJECTIONS AND RESPONSE TO REQUESTS FOR PRODUCTION

**1.** All communications and documents between you and the Title Company regarding the Property.

**RESPONSE:** Respondent will produce.

**2.** All communications and documents between you and the Title Company regarding the Contract.

**RESPONSE:** Respondent will produce.

**3.** All communications and documents between you and the Title Company regarding the First Amendment.

**RESPONSE:** Respondent will produce.

**4.** All communications and documents between you and the Title Company regarding the Power Pole.

**RESPONSE:** Respondent will produce.

**5.** All communications and documents between you and the Title Company regarding the Title Commitment.

**RESPONSE:** Respondent will produce.

**6.** All communications and documents between you and the Title Company regarding the Termination Letter.

**RESPONSE:** Respondent will produce. .

**7.** All communications and documents between you and any person from March 31, 2019 to the present regarding the Property.

**RESPONSE:** Respondent will produce.

**8.** All communications and documents between you and any person from March 31, 2019 to the present regarding the Contract.

**RESPONSE:** Respondent will produce.

**9.** All communications and documents between you and any person from March 31, 2019 to the present regarding the First Amendment.

**EXHIBIT "1"**

**RESPONSE:** Respondent will produce.

**10.** All communications and documents between you and any person from March 31, 2019 to the present regarding the Power Pole.

**RESPONSE:** Respondent will produce.

**11.** All communications and documents between you and any person from March 31, 2019 to the present regarding the Title Commitment.

**RESPONSE:** Respondent will produce.

**12.** All communications and documents between you and any person from March 31, 2019 to the present regarding the Termination Letter.

**RESPONSE:** Respondent will produce.

**13.** All communications and documents between you and any investors regarding the Property.

**RESPONSE:** Respondent objects to this Request as vague and overbroad in scope by not being sufficiently limited in definition. The term "investors" is not defined or limited, and is overbroad in the general meaning. Respondent further objects to the extent this request seeks non-relevant information that will not lead to discoverable admissible evidence, potentially containing private financial information of third parties not subject to this lawsuit.

**14.** All communications and documents between you and any investors regarding the Contract.

**RESPONSE:** See objection to Request for Production 13.

**15.** All communications and documents between you and any investors regarding the First Amendment.

**RESPONSE:** See objection to Request for Production 13.

**16.** All communications and documents between you and any investors regarding the Power Pole.

**RESPONSE:** See objection to Request for Production 13.

**17.** All communications and documents between you and any investors regarding the Title Commitment.

**RESPONSE:** See objection to Request for Production 13.

**18.** All communications and documents between you and any investors regarding the Termination Letter.

**RESPONSE:** See objection to Request for Production 13.

**19.**   All communications and documents between you and any lenders regarding the Property.

**RESPONSE:** Respondent objects to this Request as vague and overbroad in scope by not being sufficiently limited in definition. The term "lenders" is not defined or limited, and is overbroad in the general meaning.  Respondent further objects to the extent this request seeks non-relevant information that will not lead to discoverable admissible evidence, potentially containing private financial records not subject to this lawsuit.

**20.**   All communications and documents between you and any lenders regarding the Contract.

**RESPONSE:** See objection to Request for Production 20.

**21.**   All communications and documents between you and any lenders regarding the First Amendment.

**RESPONSE:** See objection to Request for Production 20.

**22.**   All communications and documents between you and any lenders regarding the Power Pole.

**RESPONSE:** See objection to Request for Production 20.

**23.**   All communications and documents between you and any lenders regarding the Title Commitment.

**RESPONSE:** See objection to Request for Production 20.

**24.**   All communications and documents between you and any lenders regarding the Termination Letter.

**RESPONSE:** See objection to Request for Production 20.

**25.**   All internal communications and documents from March 31, 2019 to October 26, 2022 regarding your decision to purchase the Property.

**RESPONSE:** Respondent objects to this Request to the extent it calls attorney client privileged information. Subject thereto: will produce.

**26.**   All internal communications and documents from March 31, 2019 to October 26, 2022 regarding your decision to the terminate the Contract.

**RESPONSE:** Respondent objects to this Request to the extent it calls attorney client privileged information. Subject thereto: will produce.

**27.** All documents and communications from March 31, 2019 to October 26, 2022 regarding the Property's value.

**RESPONSE:** Respondent will produce.

**28.** All documents and communications from March 31, 2019 to October 26, 2022 regarding prevailing market conditions and your decision to either purchase the Property or terminate the Contract.

**RESPONSE:** Respondent objects to this Request to the extent it calls attorney client privileged information. Subject thereto: will produce.

**29.** All documents and communications regarding the Power Pole.

**RESPONSE:** Respondent will produce.

**30.** All documents and communications regarding the Power Pole between you and any neighbors or owners of lots adjacent to the Property.

**RESPONSE:** Respondent objects to this Request to the extent as vague and overbroad in scope by not being sufficiently limited in definition. The term "neighbors" is not defined or limited, and is overbroad in the general meaning. Subject thereto Respondent will produce to the extent there is any such documentation.

**31.** All certificates or other evidence of liability insurance for acts of omissions arising out of the removal or relocation of the power pole procured by you, as required by paragraph 2 of the First Amendment.

**RESPONSE:** None known of at this time.

**32.** All evidence of consent from CenterPoint Energy and/or the City of Houston, Texas related to the removal or relocation of the power pole procured by you, as required by paragraph 2 of the First Amendment.

**RESPONSE:** Respondent will produce to the extent there is any such documentation.

**33.** All evidence that you provided plans for the removal or relocation of the power pole procured by you, as required by paragraph 2 of the First Amendment.

**RESPONSE:** None known of at this time.