UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KH REIT II FUNDING XXII, LLC, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> GRANT MEADOWS, LLC, § <br> Defendant. § <br> § <br> and § <br> § <br> FIDELITY NATIONAL TITLE § <br> INSURANCE COMPANY, § <br> Third-Party Interpleader, § <br> § <br> v. § <br> § <br> KH REIT II FUNDING XXII, LLC, and § <br> GRANT MEADOWS, LLC, § <br> Third-Party Defendants. § | Case No. 4:22-cv-03730 |

## SUR-REPLY TO MOTION TO COMPEL

Defendant, Grant Meadows, LLC ("**Defendant**"), files this Sur-Reply to Motion to Compel ("**Sur-Reply**"). Plaintiff KH-REIT Funding XXII, LLC ("**Plaintiff**") filed its Motion to Compel ("**Motion**") incorrectly asserting Defendant's actions regarding produced documents and responses. Defendant has taken the additional actions indicated in its response to the Motion to electronically gather documents, including metadata (*as Plaintiff requested*), and conducted both a physical and electronic review of such documents. Defendant has produced two supplemental batches of documents with metadata to Plaintiff. Defendant believes it has produced all responsive documents known to be in its possession save for attorney-client privileged communications which have been segregated and being held for review, if needed. Defendant has complied with discovery rules, producing the responsive documents, and an assessment of fees is currently unwarranted.

1

## Supplement Factual Background

On May 16, 2023, Plaintiff complained that the documents produced did not contain sufficient metadata for each document and required Defendants to re-produce the documents.[1] This request for metadata was not in the Plaintiff's original requests.

In response to Plaintiff's complaint that Defendant's discovery responses did not contain sufficient metadata for each document, Defendant engaged a third-party electronic discovery vendor (*Indexed IO*) on or about June 9, 2013. Defendant re-produced and supplemented their document production. Defendant produced 7,393 pages in 969 documents providing Plaintiff with access to additional metadata information supplementing its original document production.

Plaintiff sent its June 27, 2023 Letter asserting production was incomplete. Defendant did not realize they had not produced Outbox Documents and did not intentionally withhold any documents. As of the date of the deposition, Defendant still believed they had produced all documents (subject to the limited objections raised). Plaintiff did not advise that it had specific responsive documents from third parties that were not produced, until producing them at the Defendant's deposition. The deposition was held on July 26, 2023.

On August 15, 2023, Plaintiff sent a letter <u>for the first time</u> complaining that Defendant had failed to produce Outbox Documents (*from emails*). Defendant's counsel called Plaintiff's counsel attempting cooperation with Plaintiff's counsel. Defendant's counsel then sent an email on August 31, 2023, attempting to resolve the dispute. Before any response to that email was provided, Plaintiff filed its Motion on August 31, 2023.

While conducting the electronic and then physical review of over 99,000 documents (475,269 pages), Defendant produced an initial supplemental document production on October 2,

---

[1] His Sur-reply is in supplement to the Defendant's Response. Capital terms not defined herein are as defined in previous filings responsive to the Motion.

2023, and then produced a second supplemental document production on October 11, 2023. Defendant has produced 10,726 pages to Plaintiff in response to the discovery requests.

Defendant believes it has produced all responsive documents save for attorney-client privileged documents. Defendant has segregated and is holding such documents Defendant is ready and able to produce a privilege log and can provide such documents to the court if the court desires to undertake such review.

## **Argument**

Defendants have cooperated in the discovery process despite Plaintiff's unwarranted obstinance. Defendant has produced supplemental documentation to the Plaintiff. All of Defendant's acts to review and supplement discovery would have and could have been done without the Motion. Plaintiff has demanded both a provision of metadata on all documents produced by Defendant and a physical review of such documents. This demand is unwarranted, overly burdensome, and unnecessarily expensive. Regardless, Defendant has undertaken such demanded actions and has produced all supplemental documents it can locate that are responsive.

Upon physical review, Defendant has become aware that some documents produced may be related to other transactions not part of the subject matter of the captioned lawsuit but have produced them as they may still contain information about Defendant's actions that while not relevant indicate Defendant's normal course of business.

Plaintiff has not requested a review or ruling on Defendant's asserted objections. If Plaintiff desires to have those addressed in the future, Defendant requests that the parties be afforded time for the parties' attorneys to attempt to address such objections prior to and outside the need for the court's consideration.

## Prayer

Wherefore, premises considered, Defendant respectfully requests that the Court deny the Motion to Compel in full, alternatively deny any award of attorneys' fees and provide time for Defendant to conduct an additional third review to ensure that it has already produced all responsive documents, and grant Defendant all other relief to which it may be entitled at law or in equity.

**PORTER FIRM, PLLC**

By: */s/J. Robert MacNaughton*
    J. Robert MacNaughton
    State Bar Texas No. 00789944
    SDTX Fed. ID. 18350
    robert@porterfirm.com
    2221 S. Voss Road, Suite 200
    Houston, Texas 77057
    Tel.: 713-621-0700
    Fax: 713-621-0709

**ATTORNEYS FOR DEFENDANT
GRANT MEADOWS, L.L.C.**

**OF COUNSEL:**

PORTER FIRM, PLLC
Weston Prescott Ray
State Bar Texas No. 234098307
SDTX Fed ID. 3134994
westron@porterfirm.com
Brad E. Porter
State Bar Texas No. 24048741
brad@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

## **CERTIFICATE OF SERVICE**

       I hereby certify that the foregoing pleading was served on all counsel of record on October 16, 2023.

Matthew Baumgartner
David King
Armbrust & Brown, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701

                                      */s/J. Robert MacNaughton*
                                      J. Robert MacNaughton