IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC., | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, L.L.C. and | § | |
| SHAHIN JAMEA, | § | |
|    *Defendants.* | § | |

## PLAINTIFF'S SURREPLY TO DEFENDANTS' *SURRESPONSE* (Doc. 28)[1]

TO THE HONORABLE KEITH P. ELLISON:

Plaintiff KH-REIT II Funding XXII, LLC ("Knighthead") files this surreply to correct several statements made in Defendants' surresponse (Doc. 28).

*First*, Defendants argue that Knighthead's August 15, 2023 letter was "*the first time*" it complained "that Defendant had failed to produce Outbox Documents (*from emails*)." Surresponse at 2 (emphasis in original). That is simply not true.

At Jamea's deposition, On July 26, 2023, the parties discussed extensively, the failure of Defendants to produce emails for Jamea's inbox. *See* Pl.'s Ex. 2, p. 8. During those conversations, Jamea's counsel promised to supplement, but never did until long after Knighthead filed its motion to compel.

---

[1] On October 16, 2023, Defendants filed a "*Sur-Reply* to Motion to Compel." (Doc. 28). Defendants mislabel their filing. A "surreply" is "*a movant's* second supplemental response to another party's opposition to a motion." SURREPLY, Black's Law Dictionary (11th ed. 2019) (emphasis added). A "second response *by someone who opposes a motion*" is called a "surresponse." SURRESPONSE, Black's Law Dictionary (11th ed. 2019)(emphasis added).

1

Even before then, Knighthead's counsel made several attempts to collect Defendants' documents before the deposition, so that they could be used in the deposition. Those communications include:

- On April 4, 2023, Knighthead asked about Defendant's failure to produce internal communications and communications with investors and lenders. Pl.'s Ex. 1, p. 2.

- On June 27, 2023, Knighthead complained of Defendants' obvious failure to produce communications with key witnesses. *Id.*, p. 13. Knighthead asked Defendants to "determine what persons it had communications with concerning this Property, conduct a sufficient search for such documents and communications, and produce them promptly." *Id.* Knighthead asked, again, about the failure to produce communications with investors. *Id.* Knighthead asked Defendants to "confirm that Grant Meadows has not withheld any communications with lenders." *Id.*

In addition to these letters, there were numerous phone calls and email exchanges between Plaintiff's and Defendants' counsel.

Therefore, Defendants' contention that Knighthead somehow hid the ball so it could file a surprise motion to compel should not be taken seriously. This record establishes that Knighthead tried, for months, with no results, to get Defendants to produce their documents.

And, more fundamentally, Knighthead should not have to explain to Defendants how to compile and produce responsive documents. Telling a litigant

(never mind one that, by his own admission, has been involved in dozens of lawsuits) and its lawyers to be sure to produce "outbox" communications is not a duty owed by Knighthead. Knighthead repeatedly sought all relevant communications, and in response, received only part of the relevant communications from one person's inbox. Defendants have provided no explanation for *why* their initial document search was so deficient. Defendants have the duty to conduct reasonable searches. It is not plausible that a licensed attorney, who, again, by his own admission, has been involved in dozens of lawsuits (*as a party*), and who used a third-party e-discovery vendor, simply forgot to produce sent emails.

*Second*, it is not true that Defendants' deficient document production was the result of forgetting to produce "Outbox Documents." Surresponse at 2. As shown in Knighthead's Reply (Doc. 27 at 2), Defendants also failed to produce highly relevant documents from Jamea's *inbox*. Defendants also failed to produce documents that directly refute Defendant's request-for-admission denials. *See* Pl.'s Mot. (Doc. 24 at 9–10). Defendants also failed to produce *any* documents from *any source* other than Jamea's inbox. *See id.* (Doc. 24 at 15–16). Defendants have still offered no explanation for these failures.

Finally, it is not true that "Defendants have cooperated in the discovery process" or that Knighthead has been "obstinate." Those characterizations are the opposite of the record here. For many months, as Knighthead has shown the Court, it has tried to get Defendants to comply with their discovery obligations. *See* Pl.'s Ex. 1. Knighthead agreed to one change in scheduling order deadlines to give

3

Defendants more time, after they failed to meet agreed-upon deadlines (the existing deadlines must now obviously be moved again). Knighthead filed its motion to compel and for sanctions after receiving nothing of substance in response to many attempts to confer, before, during and after what turned out to be a completely useless deposition. Thus, Defendant's failure to search for and produce discoverable information in a timely fashion has already caused: (1) two blown scheduling orders; (2) a wasted deposition; (3) a completely avoidable motion to compel; and (4) considerable other time an expense.

Defendants must be sanctioned. Knighthead's request for part of their attorneys' fees in bringing this motion, and the expense of the wasted deposition, along with a new deposition, are reasonable sanctions that are more than supported by this record of misconduct.

**CONCLUSION AND PRAYER**

For these reasons, Knighthead respectfully asks the Court to: (1) compel Defendants to search for and produce responsive documents wherever they may reasonably be found; (2) award Knighthead $26,613 in attorneys' fees incurred in presenting its Motion and preparing for and taking Jamea's first deposition; and (3) order Jamea to appear at a second deposition at the offices of Knighthead's counsel.

Respectfully submitted,

*/s/ Matthew Baumgartner*
**MATTHEW BAUMGARTNER**,
Attorney in Charge
Texas State Bar No. 24062605
Southern District of Texas No. 1626953
mbaumgartner@abaustin.com

>(512) 435-2308
>**DAVID KING,** Of Counsel
>Texas State Bar No. 24083310
>Southern District of Texas No. 2414517
>dking@abaustin.com
>(512) 436-2305
>**GUILLERMO ALARCON**, Of Counsel
>Texas State Bar No. 24099176
>Southern District of Texas No. 3122674
>galarcon@abaustin.com
>(512) 435-2383
>ARMBRUST & BROWN, PLLC
>100 Congress Avenue, Suite 1300
>Austin, Texas 78701
>*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, a true and correct copy of the foregoing was served on all counsel of record.

>*/s/ Guillermo A. Alarcón*
>Guillermo A. Alarcón