IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, L.L.C. and SHAHIN | § | |
| JAMEA, | § | |
|     Defendants. | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant, SHAHIN JAMEA, ("**Jamea**" or "**Defendant**") files the following answer to Plaintiff's Supplemental Complaint ("**Supplement**") [Docket No. 21]. [1]

### I. ANSWER

Defendant responds to the individually enumerated paragraphs of the Plaintiff's Supplemental Complaint as follows:

### RESPONSE TO "I. INTRODUCTION"

1. Jamea admits he is a member of Grant Meadows, L.L.C. ("**Grant Meadows**"). Defendant denies the remaining allegations of this Paragraph 1 of the Supplement.

### RESPONSE TO " II. PARTIES"

2. Defendant lacks sufficient information to admit or deny the allegations contained in this Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4.

---

[1] Plaintiff filed its Plaintiff's Original Complaint ("**Complaint**") on October 27, 2022, naming only Grant Meadows, LLC as the sole original defendant and asserting two claims against such defendant. The single claim pled in the Supplement is asserted solely against Jamea. To the extent an answer is due from Jamea as to the Complaint, Jamea adopts the same responses of Grant Meadows as contained in its filed answer [Docket No. 6] to the extent they may apply, excluding the counterclaim therein. To the extent an answer is due from Grant Meadows to the Supplement, Grant Meadows adopts the same responses of Jamea as contained herein to the extent they may apply.

1

### RESPONSE TO "III. JURISDICTION AND VENUE"

5. This Paragraph 5 contains legal conclusions to which no response is required.

6. Defendant admits that he resides in the Southern District of Texas, and that the Property is located in the Southern District of Texas as set out in Paragraph 6.

### RESPONSE TO "IV. FACTS"

7. Defendant admits that effective March 31, 2022, Plaintiff entered into a sale agreement with Grant Meadows (as amended, the "**Sale Agreement**") to sell Grant Meadows two tracts of real property located at 2701 and 2627 Main Street in the City of Houston, Texas as more particularly described in the Sale Agreement (the "**Property**"), with an original closing date of August 28, 2022. Defendant admits that the parties agreed to extend the closing date to October 28, 2022. Defendant admits that he negotiated on behalf of Grant Meadows. Defendant denies all remaining assertions of Paragraph 7.

8. Defendant admits that in an April 25, 2022 letter, the owner of a tract of land adjacent to the Property (the "**Neighbor**") asserted that Plaintiff has certain obligations with respect to the relocation of electrical facilities on the Property according to an unrecorded purchase and sale agreement, dated June 16, 2017, between the Neighbor and Plaintiff's predecessor-in-title, Caydon Houston Property 2 LP (the "**Caydon Contract**"). Plaintiff asserts a legal conclusion as to obligations that do not "run with the land," for which no response is required, and to the extent a response is required, Defendant denies the assertion. Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of each of Plaintiff's remaining factual allegations in Paragraph 8.

9. Defendant admits he was made aware of the Neighbor's assertions. Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of each of

Plaintiff's remaining allegations in paragraph 9.

10. Defendant admits that effective May 3, 2022, Plaintiff and Grant Meadows entered into the first amendment to the Sale Agreement. Defendant admits that the First Amendment did provide Defendant certain limited rights to remove or relocate the power pole. Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth of each of Plaintiff's remaining allegations in paragraph 10.

11. Defendant admits that the closing was moved to October. Defendant lacks knowledge or information sufficient to form a belief Plaintiff's assertions related to market condition "shift[ing]." Defendant denies each of Plaintiff's remaining allegations in paragraph 11.

12. This Paragraph 12 contains certain legal conclusions to which no response is required. Defendant denies or lacks knowledge or information sufficient to form a belief as to the truth regarding basis of actions of third parties to the extent they are so asserted in paragraph 12. Defendant denies each of Plaintiff's remaining allegations in paragraph 12.

13. Defendant admits that on October 24, 2022, Fidelity National Title Insurance Company ("**Fidelity**") issued a revised title commitment containing new exceptions to title. Defendant admits that it lodged "supplemental title objections". Defendant denies each of Plaintiff's remaining allegations in paragraph 13.

14. Defendant admits that Grant Meadows sent a notice of termination on October 26, 2023. Defendant admits that he had communications with the Neighbor. Defendant denies each of Plaintiff's remaining allegations in paragraph 14.

15. Defendant admits Grant Meadows' agent corresponded with the title company. y Defendant admits Fidelity added exceptions to title. Defendant denies each of Plaintiff's

remaining allegations in paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

### RESPONSE TO "V. CLAIMS"

### COUNT ONE--TRESPASS

17. To the extent necessary Defendant incorporates his prior responses as set forth in each previous paragraph as if set forth fully herein. The remainder of Paragraph 17 requires no response.

18. Defendant admits Plaintiff holds title to the Property. Defendant denies Plaintiff's remaining allegations in Paragraph 18.

### II. LIMITED GENERAL DENIAL

19. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant asserts a general denial as to those allegations contained in the Complaint that are not clearly and specifically admitted herein.

### III. AFFIRMATIVE DEFENSES

#### First Affirmative Defense

20. Plaintiff's claims fail because Plaintiff has failed to state a claim upon which relief can be granted against this Defendant.

#### Second Affirmative Defense

21. Defendant asserts that Plaintiff has unclean hands and is therefore precluded from equitable relief.

#### Third Affirmative Defense

22. Defendant asserts that Plaintiff's claims are barred as Plaintiff failed to mitigate, minimize, or avoid damages, if any.

### Fourth Affirmative Defense

23. Defendant asserts that Plaintiff's claims are barred by waiver, ratification, estoppel, or estoppel by contract.

### Fifth Affirmative Defense

24. Defendant asserts that the damages sought by Plaintiff are a result of its own acts or omissions.

### Sixth Affirmative Defense

25. Defendant asserts the affirmative defense of agency, as Plaintiff's asserted claim for trespass is based upon alleged actions of Defendant as an officer, agent, and representative of Grant Meadows, and not individual acts.

## IV. JURY DEMAND

26. Defendant requests a trial by Jury.

## PRAYER

Based on the foregoing, Shahin Jamea respectfully requests that upon trial of this matter that the court enter judgment as follows:

   a. the Plaintiff takes nothing by virtue of its claims;

   b. the Defendant be awarded his costs and attorney's fees incurred in this matter as allowed by law;

   c. All other relief at law or in equity to which Shahin Jamea is justly entitled.

PORTER FIRM, PLLC

By: */s/J. Robert MacNaughton*
J. Robert MacNaughton
State Bar Texas No. 00789944
SDTX Fed. ID. 18350
robert@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

**ATTORNEYS FOR DEFENDANT
SHAHIN JAMEA**

**OF COUNSEL:**

PORTER FIRM, PLLC
Weston Prescott Ray
State Bar Texas No. 234098307
SDTX Fed ID. 3134994
westron@porterfirm.com
Brad E. Porter
State Bar Texas No. 24048741
brad@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was served on all counsel of record on October 30, 2023.

Matthew Baumgartner
David King
Armbrust & Brown, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701

*/s/J. Robert MacNaughton*
J. Robert MacNaughton
