UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH REIT II FUNDING XXII, LLC, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:22-cv-03730 |
| | § | |
| GRANT MEADOWS, LLC, | § | |
|     *Defendant*. | § | |
| | § | |
| *and* | § | |
| | § | |
| FIDELITY NATIONAL TITLE | § | |
| INSURANCE COMPANY, | § | |
|     *Third-Party Interpleader*, | § | |
| | § | |
| v. | § | |
| | § | |
| KH REIT II FUNDING XXII, LLC, and | § | |
| GRANT MEADOWS, LLC, | § | |
|     *Third-Party Defendants*. | § | |

## RESPONSE TO MOTION TO COMPEL

Defendant, Grant Meadows, LLC ("**Defendant**"), files this Response ("**Response**") to Plaintiff's Second Motion to Compel ("**2nd Motion**"),[1] filed by plaintiff, KH-REIT Funding XXII, LLC ("**Plaintiff**").

## Summary and Relief Requested

Defendant requests that the Court deny the Plaintiff's 2nd Motion. Defendant has already supplemented its document production and provided its representative for the second deposition and is paying all costs associated therewith in accordance with the Court's order. Defendant has

---

[1] Plaintiff filed a first Motion to Compel on ("**1st Motion**") in connection with the testimony of the Defendant's representative when he was deposed. Defendant responded to the 1st Motion and supplemented its discovery production prior to the Hearing. The Court ordered a second deposition of the Defendant's corporate representative and Defendant complied with the court's order and updated document production and provided additional testimony. No lack of documentation leaves the need for further testimony from the Defendant's representative. Plaintiff asks for new relief in its 2nd Motion, for new alleged issues.

1

even voluntarily provided production from entities beyond the scope of Plaintiff's discovery request, yet Plaintiff continues to complain of alleged willful withholding of documents it already has possession of, and the need to get attorney-client privileged documents from Defendant's prior counsel, a third party subject to the due process rights of service of subpoena and response. Defendant has produced all properly responsive documents and Plaintiff has had full production in order to depose and has fully deposed, Defendant's representative.

It is believed that Plaintiff's 2nd motion is intent on bullying or harassing Defendant into a settlement position as an unwarranted litigation tactic.

### **Factual Background**

Defendant incorporates its factual recitation and outline of the prior existing discovery dispute contained in its Response to the Plaintiff's 1st Motion, for any reference needed by the Court, and to conserve the Court's time.

### **Latest Discovery Dispute**

Plaintiff has confused the Defendant Grant Meadows, LLC, with the proposed development company Oxberry Group. Plaintiff asserts that it is seeking documents it already has received: (1) wherein Oxberry Group employee Barry Espinoza, a non-employee of Defendant, was copied on emails; and (2) wherein Pejman Jamea, a non-participatory member of the Defendant, was copied on emails related to the developer Oxberry Group. Defendant has produced and Plaintiff has already received copies of such documents related to the transaction.

Plaintiff also seeks documents and emails from the Defendant's attorneys, Wilson Cribbs + Goren ("**Wilson Cribbs**") who represented and gave Defendant advice in assistance to the subject transaction. Plaintiffs have not sought to obtain such documents from Wilson Cribbs. Plaintiffs contend that Defendant already possesses or should have automatically known to

produce such documents. Defendant and Wilson Cribbs (as their prior counsel preserving the privilege for their client) have a due process right to have any such documents sought by subpoena to Wilson Cribbs (the actual source of any such documents) and the opportunity to review and assert attorney-client privileged regarding such discovery requests.

## **Argument**

Defendants have cooperated in discovery and have complied with the court's order on the 1st Motion.[2] Defendant provided Defendant's representative, Shahin ("**Sean**") Jamea, for his second deposition taken in Austin and provided the supplemental documentation to Plaintiff.

Plaintiff is demanding a second production of documents it already has received, and copies of attorney-client-protected documents from Wilson Cribbs through the Defendant.

If Plaintiff contends that there are Wilson Cribbs documents in Wilson Cribbs possession that are not subject to the attorney-client protection, they can issue a third-party subpoena to Wilson Cribbs, the Defendant (and Wilson Cribbs on their behalf) can assert the attorney-client privilege and the Court can have the documents submitted to the Court for an in-camera review and inspection.

Defendant objects to the production of any such Wilson-Cribs documents at this time based upon the attorney-client privilege. Any email or text communications with Wilson Cribbs presumptively are provided with the attorney-client privilege. At this time, it is unknown what other types of Wilson Cribbs documents Plaintiff contends it has a right to receive. However, because Plaintiff has not indicated which request for document production addresses what particular Wilson Cribbs documents, or stated what specific documents were expected to be willfully withheld, Defendant cannot yet specifically set out its objections in further detail.

---

[2] Plaintiff was just presented with the costs of the subsequent deposition and are paying that as the 2nd Motion was filed.

Plaintiff has asserted three types of documents in its 2nd Motion contending that it has a right to an order to compel discovery.

**1st - Barry Espinosa's Emails**

Plaintiff has received copies of all such emails. Barry Espinosa ("**Espinosa**") does not work for and is not employed by Defendant. Espinosa is not an owner of Defendant. Espinosa works for Oxberry General LLC, d/b/a Oxberry Group. Oxberry Group was the prospective developer with plans for a multi-family project related to the subject property. Plaintiff has had notice of this fact since at least March 10, 2023, when it was outlined in Defendant's Rule 26(A)(1) disclosures.

Defendant disputes that it is required to produce documents from this non-party third person pursuant to Plaintiff's discovery requests. However, as Espinosa was copied on certain emails related to the subject transaction, Defendant produced email documents where Espinosa was copied. Defendant also voluntarily supplemented its production with further documents to avoid this exact situation. *See confirmation email attached hereto as Exhibit "A."* Plaintiff contends, without any documentary support, that Espenosa was "Grant Meadows sole employee put in charge of the main issue in this case." Plaintiff contends that Espenosa is an "important records custodian." Espinosa is not an employee or agent of Grant Meadows, and Plaintiff does not have any evidence showing or basis to contend that he is. Plaintiff does not have any claim of alter ego or other basis to ignore corporate formalities.

As Plaintiff admits, the Defendant representative has already given testimony on this point, and Defendant has stated that all email documents the third-party Espinosa would have in his possession have already been produced by Defendant with Jamea's emails. Even if Plaintiff contends there might be other such emails out there, then Plaintiff can issue a third-party subpoena, or depose Espenosa.

Plaintiff has not shown that there are such other documents out there somewhere that are or even might be relevant to the claims or defenses in this case. Plaintiff's statements that the most recent supplemental production of Espinosa emails is incomplete, due to the dates of the emails at issue, is blatantly false. The reason that the most recent production starts in October of 2022, is that all prior emails including Espinosa have already been produced.

**2nd – Pejman Jamea Emails**

Plaintiff contends that Defendant has insufficiently produced email from Pejman Jamea ("**PJ Jamea**") based on: (a) an email string from a potential lender initially sent to Sean Jamea and PJ Jamea announcing that a bank representative is no longer at that bank; and (b) a marketing brochure to send to banks in general that indicates PJ Jamea is a principal of Oxberry Group (the indented future developer).

Plaintiff received the sole email string as part of Defendant's prior production. Notably, that email string shows that PJ Jamea did not participate in that communication and was only copied.

Defendant's representative, Sean, has testified that PJ Jamea did not participate in Defendant Grant Meadows proposed purchase of the subject project at all, indicating there are no other such documents. There are no such other documents.

If Plaintiff contends that PJ Jamea is a key person with knowledge no other person has provided, Plaintiff has not demonstrated, or provided any proof of, that fact. Plaintiff has not shown that there are such other documents out there somewhere that are, or even might be, relevant to the claims or defenses in this case.

**3rd - Wilson Cribbs Documents**

As Plaintiff admit, Wilson Cribbs "represented Defendant in the negotiation and

subsequent termination of the PSA." Plaintiff does not state what was not produced. Defendant has already produced any such documents that would be non-privileged and relevant – the same type of documents that Plaintiff has contended it has produced.

Plaintiff contends that "Wilson Cribbs was also a key actor" as a basis of why it needs such undescribed documents. Any other such type of documents, either possessed by Defendant or Wilson Cribbs, are subject to attorney-client privilege. Plaintiff has not named Wilson Cribbs as a defendant. Plaintiff has not ever delineated why Wilson Cribbs is such a "key actor."

More importantly, if Plaintiff continues to assert its unfounded mantra that Defendant presumptively must be a bad actor and must be withholding key relevant non-privileged Wilson Cribbs "key actor" documents that are needed for Plaintiff's claim that are within Wilson Cribbs documentation, then Plaintiff should issue a subpoena to third-party Wilson Cribbs, and allow all parties to follow proper due process procedures.

Defendant has not sought to avoid discovery or hide information from Plaintiff. Defendant has tried to cooperate with Plaintiff who continues to try fan the fires and "one-up" a discovery fight process with differing requirements along the way. Defendant denies sanctions are appropriate.

**Objection to Documents Attached to Motion**

Defendant objects to each non-original document attached to the Plaintiff's 2nd Moton as hearsay without exception, and suffering a lack of authentication (Exhibits 1 – 6). *See* F.R.E. 802 AND 803. The Defendant requests that the Court sustain its objection to these Exhibits.

Defendant objects to the Plaintiff's attorney fee affidavit (Exhibit 7) in the attachment to the Motion) as failing to meet the standards for reasonableness and necessity of attorney's fees and segregation of fees for any work only related to any insufficient discovery responses (if any) and

Motion. *See Blanchard v Bergeron*, 489 U.S. 87, 91; 109 S.Ct. 939 (1989). The affidavit does not <u>actually address or discuss</u> any of the "*Johnson factors*" and merely sets out the *Arthur Anderson* state of Texas factors. The time claimed is excessive and some of it is not related to the discovery at issue. *See Grant v Martinez*, 973 F.2d. 96, 99 (2nd Cir. 1992).

### <u>PRAYER</u>

Wherefore, premises considered, Defendant respectfully requests that the Court deny the 2nd Motion to Compel in full, and grant Defendant all other relief to which it may be entitled at law or in equity.

                  **PORTER FIRM, PLLC**

                  By: */s/J. Robert MacNaughton*
                      J. Robert MacNaughton
                      State Bar Texas No. 00789944
                      SDTX Fed. ID. 18350
                      robert@porterfirm.com
                      2221 S. Voss Road, Suite 200
                      Houston, Texas 77057
                      Tel.: 713-621-0700
                      Fax: 713-621-0709

                  **ATTORNEYS FOR DEFENDANT**
                  **GRANT MEADOWS, L.L.C.**

**OF COUNSEL:**

PORTER FIRM, PLLC
Weston Prescott Ray
State Bar Texas No. 234098307
SDTX Fed ID. 3134994
westron@porterfirm.com
Brad E. Porter
State Bar Texas No. 24048741
brad@porterfirm.com
2221 S. Voss Road, Suite 200
Houston, Texas 77057
Tel.: 713-621-0700
Fax: 713-621-0709

## CERTIFICATE OF SERVICE

   I hereby certify that the foregoing pleading was served on all counsel of record on February 12, 2024.

Matthew Baumgartner
David King
Armbrust & Brown, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701

                */s/J. Robert MacNaughton*
                J. Robert MacNaughton