IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KH-REIT II FUNDING XXII, LLC, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:22-CV-3730 |
| | § | |
| GRANT MEADOWS, L.L.C. and | § | |
| SHAHIN JAMEA, | § | |
| *Defendants.* | § | |

## PLAINTIFF'S REPLY IN SUPPORT OF SECOND MOTION TO COMPEL AND FOR ADDITIONAL DISCOVERY SANCTIONS

TO THE HONORABLE KEITH P. ELLISON:

Plaintiff KH-REIT II Funding XXII, LLC ("Knighthead") files this Reply in Support of its Second Motion to Compel and For Additional Discovery Sanctions.

Defendants have a duty to search for and produce discoverable documents that are within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Despite already being ordered to produce documents from people within their control, Defendants have persisted in their failure to search for documents in the possession of several key custodians of records. Defendants' discovery misconduct has frustrated discovery of basic facts, has required multiple motions to compel (and a re-do of one deposition), and has delayed and obstructed adjudication of the merits of this case. Knighthead has had to spend far too much time and money simply overcoming Defendants' obvious discovery ploys. The Court should therefore grant Knighthead's second motion to compel and sanction Defendants for what is clearly bad faith conduct.

1

## I. Defendants have failed to search for or produce documents from several records custodians.

<u>Barry Espinosa:</u> Defendants assert two arguments regarding their failure to search Barry Espinosa's email accounts.

*First*, Defendants argue that Espinosa is neither an employee nor an owner of Defendant Grant Meadows, LLC. They argue that Espinosa is employed by non-party Oxberry General, LLC. And, therefore, Defendants are not "required to produce documents from this non-party third person." Resp. at 4.

But Defendants do not dispute that Espinosa is subject to Defendants' control. Nor could they. In Knighthead's First Motion to Compel, Knighthead argued that Defendants had a duty to search for and produce Espinosa's email account. *See* Doc. 24 at 15–16. In support, Knighthead relied on Jamea's deposition testimony, where he admitted that Espinosa is his employee:

> Q: This third page is an agreement. This agreement purports to be – well, it says between Barry Espinosa. Barry Espinosa works for you. Right?
>
> A: Yes.
>
> Q: Is he your employee?
>
> A: Yes.

Doc. 24-1 at 32. Notably, Defendants did not argue then that Espinosa was outside the reach of discovery. And at his second deposition, Jamea testified that he put Espinosa in charge of "having the power poles removed"—i.e., the central issue in the case. Doc. 35-1 at 28.

Defendants' new argument that Espinosa is employed by non-party Oxberry General, LLC instead of Defendants Jamea or Grant Meadows, LLC is disingenuous for another reason: Jamea testified that Grant Meadows, LLC is merely a "holding company" that Jamea and Oxberry use to hold property on a short-term basis before Oxberry forms "the entity that's actually going to take an assignment of the contract and close on the parcel." Doc. 24-1 at 26. That is precisely what happened here—Defendant Grant Meadows held the contract to the Property but Oxberry (the actual entity that employs Jamea's people) would have closed and developed the Property (except that Grant Meadows failed to close).

Most fundamentally, the Court granted Knighthead's first motion to compel, which sought Espinosa's emails (since he is a key figure in the case). So the Court has already ordered Defendants to produce documents from Espinosa's email account. They have not done so. Defendants' argument (at 4) that "Plaintiff can issue a third-party subpoena, or depose Espenosa [sic]" demonstrates the lack of seriousness Defendants have given this case, to say nothing of their cavalier attitude toward the Court's previous order.

*Second*, Defendants argue that on February 1, 2024—more than a year into this case, and months after the Court granted the first motion to compel—Defendants finally produced emails from Espinosa's email account. But that production consisted of a paltry 56 emails—none of which were sent before October 19, 2022. As explained in Knighthead's motion for summary judgment (Doc. 37 at 14–15), the relevant events in this case occurred between March 31, 2022 and

October 26, 2022. So Defendants have withheld Espinosa's email communications from the relevant timeframe.

Defendants assert that it is not necessary to search for emails before October 19, 2022 because "all such emails have already been produced by Defendant with Jamea's emails." Resp. at 4. Defendants appear to be parroting Jamea's testimony that Espinosa copies Jamea on all his emails. But that has been proven false. Defendants should *again* be ordered to search for and produce documents from Espinosa's account.

**Pejman Jamea:** Defendant Grant Meadows, LLC is a two member LLC. Defendants admit that they have only searched for relevant documents in the email account of one of the two members. *See* Doc. 35-1 at 26. Defendants should be ordered to conduct a reasonable search of Pejman Jamea's documents. If the search yields no responsive documents, so be it. But Defendants have to at least check.

**Wilson Cribbs**: Wilson Cribbs has discoverable documents. That is not disputable. Wilson Cribbs is the law firm that practically begged the title company to add a title exception on the eve of closing (after Grant Meadows had waived all termination rights) so that Grant Meadows would have some pretext for terminating the contract. *See, e.g.,* Doc. 37-1 at 190.

Wilson Cribbs's documents are subject to Defendants' control. In fact, as a matter of Texas law, Defendants own those documents. *In re George*, 28 S.W.3d 511, 516 (Tex. 2000). And yet, Defendants admitted they have not even asked Wilson Cribbs for its documents. Doc. 35-1 at 26. Unlike Defendants, Knighthead

collected documents from its transactional attorneys and produced the non-privileged documents many months ago.

Defendants, however, assert that if Knighthead wants documents from Defendants' attorneys, Knighthead must subpoena those documents. Defendants assert that a subpoena is necessary to "allow all parties to follow proper due process procedures." Resp. at 6.

Defendants cite no authority for their "due process" argument. It is also backwards. At least one judge in this District has held that it is improper to subpoena documents from an opposing party's attorneys. *Ntakirutimana v. CHS/Cmty. Health Sys., Inc.*, No. L-09-114, 2011 WL 13135608, at *1–2 (S.D. Tex. June 28, 2011). There, the Court reasoned that "documents in possession of a party's agent, such as an attorney or accountant, are deemed to be in the party's possession because the party retains control over the documents." *Id.* at *1 (quoting *Lans v. Gateway 2000, Inc.*, 110 F.Supp.2d 1, 5 (D.D.C. 2000)). The court went on to explain: "[i]f documents are available from a party, 'it has been thought preferable to have them obtained pursuant to Rule 34 [request for production] rather than subpoenaing them' pursuant to Rule 45." *Id.* at *2 (quoting *Thomas v. EIM, Inc.*, No. 060886-B-MS, 2008 WL 695230, at *2 (M.D. La. March 12, 2008)).[1]

Defendants also assert (at 2) that Knighthead is trying to get "attorney-client privileged documents from Defendant's prior counsel." That is not true. As stated in

---

[1] *See also Suntrust Mortg., Inc. v. Busby*, No. 2:09cv3, 2009 WL 5511215, at *1–2 (W.D.N.C. Dec. 18, 2009) ("where the sought-after documents are within the possession, custody, or control of a party, it is not appropriate to employ Rule 45 to secure such documents from a non party attorney who may also be in possession of the documents or copies.").

5

the motion to compel: "Defendants have failed to search for or produce **non-privileged** documents in the possession of Wilson Cribbs & Goren." Doc. 35 at 5 (emphasis added).

Defendants should be ordered to search for and produce discoverable documents in Wilson Cribbs's possession.

## II. The Court should overrule Defendants' evidentiary objections.

### A. Defendants' hearsay and authenticity objections are frivolous.

Defendants object to six of Knighthead's exhibits (Exhibit 1–6) arguing that they are "hearsay without exception" and "suffering a lack of authentication." Resp. at 6. Defendants' objections are misplaced; this is a discovery motion, not a summary judgment or other merits motion. Even assuming the Rules of Evidence apply to a motion to compel discovery, the Court should overrule Defendants' objections.

Exhibit 1 is a letter between counsel related to the Court's previous order requiring Defendants to pay the costs associated with Jamea's second deposition. The letter is not hearsay because it is not being offered to show the truth of any matter asserted in the letter. Exhibit 1 is being offered merely to show that, consistent with the Court's order, Knighthead has submitted its invoices to Defendant for repayment.

Exhibit 2 contains excerpts from Jamea's deposition. Jamea's testimony is obviously not hearsay. And the deposition transcript is clearly authentic. The excerpts include the court reporter's certification. *See* Fed. R. Civ. P. 30(f); *Reyes v.*

6
4856-2160-2981, v. 1

*Weslaco Indep. Sch. Dist.*, M-06-372, 2008 WL 11452112, at *5 (S.D. Tex. Dec. 11, 2008) (authentication satisfied "by a deposition transcript with the certificate of the court reporter attached."). Moreover, this Court has credited deposition transcripts even without the court reporter's certification. *Vanzzini v. Action Meat Dist., Inc.*, 995 F.Supp.2d 703, 716–17 (S.D. Tex. 2014) ("the Court will credit the transcript excerpt, because Defendants provide no reason for the Court to doubt the purported excerpts' authenticity.")

Exhibit 3 is an email from Jamea's counsel. The email is not hearsay as it contains statements by the agent of a party opponent. Fed. R. Evid. 801(d)(2)(D). And Exhibit 3 is authentic. In fact, Defendants rely on that same email in their response. *See* Doc. 40-1 at 2.

Exhibit 4 is an email chain that *Defendants produced*. Unless Defendants have produced inauthentic evidence, they have no basis for objecting to the authenticity of this exhibit. Nor are the emails hearsay. The emails are to and from Espinosa, who, as discussed above, is Defendants' agent. Moreover, these emails show that, contrary to Defendants arguments, Espinosa did not copy Jamea on *all* his emails.

Similarly, Exhibit 5 are emails between Jamea and one of his potential lenders. Like Exhibit 4, these emails were produced by Defendants and contain Jamea's own statements.

Exhibit 6 is also a document produced by Defendants. They therefore have no basis for challenging its authenticity. Exhibit 6 is a presentation that CBRE

prepared in its capacity as Defendants' debt broker. Because the presentation was prepared on Defendants' behalf, it is not hearsay. Fed. R. Evid. 801(d)(2)(C).

> B. **Defendants' objections to the attorneys' fee affidavit are also without merit.**

Defendants claims Knighthead's attorneys' fee affidavit "does not actually address or discuss any of the '*Johnson factors*' and merely sets out the [*Arthur Andersen & Co. v. Perry Equip Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)] state of Texas factors." Thus Defendants argue that Knighthead relies on factors applicable only in state court and not in federal court.

Defendants are wrong. The attorneys' fee affidavit does discuss *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974). But even if Knighthead relied on the Supreme Court of Texas's *Arthur Andersen* factors instead of the Fifth Circuit's *Johnson* factors, it would not make a difference. "[T]he twelve factors set out in *Johnson* and the 12 factors set out in *Arthur Andersen*, for all practical purposes, completely overlap." *Impact Fluid Solutions LP v. Bariven SA*, No. 4:19-CV-00652, 2022 WL 824836, at *4 (S.D. Tex. Mar. 18, 2022). That is because "[i]n *Arthur Andersen*, the Texas Supreme Court adopted the factors established in *Johnson*." *Compass Bank v. Veytia*, No. EP-11-CV-228-PRM, 2012 WL 627756, at *2 n.6 (W.D. Tex. Feb. 24, 2012).

Notably, Defendants offer no evidence to controvert the reasonableness or necessity of the fees incurred by Knighthead.

8
4856-2160-2981, v. 1

## III. Conclusion and Prayer

Knighthead respectfully requests the Court grant its second motion to compel and award it $33,808[2] in attorneys' fees. Defendants should be sanctioned an additional amount the Court deems sufficient to deter further discovery misconduct. *See* Fed. R. Civ. P. 37(b)(2)(A). Finally, Knighthead asks the Court to warn Defendants that further failure to comply with the Court's order will result in case-dispositive sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (authorizing default judgment where party disobeys court order); *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758–59 (5th Cir. 2019).

Respectfully submitted,

*/s/ Matthew Baumgartner*
**MATTHEW BAUMGARTNER**,
Attorney in Charge
Texas State Bar No. 24062605
Southern District of Texas No. 1626953
mbaumgartner@abaustin.com
(512) 435-2308
**DAVID KING,** Of Counsel
Texas State Bar No. 24083310
Southern District of Texas No. 2414517
dking@abaustin.com
(512) 436-2305
**GUILLERMO ALARCON**, Of Counsel
Texas State Bar No. 24099176
Southern District of Texas No. 3122674
galarcon@abaustin.com
(512) 435-2383
ARMBRUST & BROWN, PLLC
100 Congress Avenue, Suite 1300
Austin, Texas 78701
*Attorneys for Plaintiff*

---

[2] *See* Doc. 24-1 at 165 (First Atty's Fee Aff.); Doc. 35-1 at 73 (Second Atty's Fee Aff.). This fee request is without prejudice to and is not in place of Knighthead's attorneys' fees claim in this case.

# CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2024, a true and correct copy of the foregoing was served on all counsel of record.

*/s/ Guillermo A. Alarcón*
Guillermo A. Alarcón
