# EXHIBIT 1

| | |
|---|---|
| **From:** | Joshua Bernstein [jbernstein@legalstrategy.com] |
| **Sent:** | 4/5/2022 10:01:31 PM |
| **To:** | Avant, Lolly [LAvant@fnf.com] |
| **CC:** | Jonathan Daniel [jdaniel@knightheadfunding.com]; Henry Boeckmann [hboeckmann@knightheadfunding.com]; Rebecca Brown [Rbrown@knightheadfunding.com]; Montgomery, Deborah [Deborah.Montgomery@fnf.com] |
| **Subject:** | RE: Knighthead/Main St |

Thanks, Lolly.

Am I reading this to say that the underwriter is willing to remove the items from the commitment, provided we revise the language in the owner's affidavit as proposed below?

---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Tuesday, April 5, 2022 4:28 PM
**To:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Cc:** Jonathan Daniel <jdaniel@knightheadfunding.com>; Henry Boeckmann <hboeckmann@knightheadfunding.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Subject:** RE: Knighthead/Main St

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> This message was sent securely using Zix®

Hello Joshua,

FNF's underwriter's response:

I feel that the removal of the lien claims from the commitment and the owner affidavit's mention of the lien claims negates all possible responsibility of the seller to us in the event of an unexpected pursuit of a claim by a claimant. I'd like to clarify that language in the affidavit as such, as they have already represented to us:

2. Except for those mechanic's liens filed under Clerk's File Nos. RP-2021-137391 and RP-2021-413788 extinguished by the foreclosure of Seller's deed of trust, and qualified, in any event, to my actual knowledge, with no duty of investigation or inquiry, there are no liens or encumbrances (Mortgages, Deeds of Trust, Judgments, Tax Liens, Mechanic's Liens, unpaid homeowners or condominium association dues or assessments, etc.) known to me which are not being paid or properly accounted for in the current transaction.

3. To my actual knowledge, with no duty of investigation or inquiry Seller is not a party to any pending lawsuits in any State or Federal Court, and except for an alleged, untimely claim of mechanics' lien by Glumac that would have been extinguished by the foreclosure of Seller's deed of trust, as previously disclosed to the Title Company, I am not aware of any lawsuit which may be filed against Seller; nor has Seller been declared bankrupt or insolvent, voluntarily or involuntarily, in any court.

Thank you,

Lolly Avant, SVP
Fidelity National Title Insurance Company

National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Office Ph: 713-621-9960
Mobile Ph: 281-217-9517
Email: lavant@fnf.com

---

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Wednesday, March 30, 2022 6:37 PM
**To:** Avant, Lolly <LAvant@fnf.com>
**Cc:** Jonathan Daniel <jdaniel@knightheadfunding.com>; Henry Boeckmann <hboeckmann@knightheadfunding.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Subject:** RE: Knighthead/Main St

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.

Lolly:

Please see attached our proposed draft of owner's title affidavit.  You'll see in the attached that this addresses, among other things, the two extinguished mechanics' liens referenced in Item 6 to Schedule C of the commitment.  Please advise if you have any comments.

Also, as discussed, my client has heard from two putative mechanics' lien claimants with respect to the former Caydon tracts.  One is Kimley-Horn, who filed the lien under RP-2021-413788. The other is Glumac, who has not filed a lien against the property (to my knowledge).  More detail regarding these putative claimants is set forth below.

In August 2021, a putative claimant (Glumac) threatened  to file a mechanics' lien against the property, but has not ever actually filed such a lien.  We responded to their counsel to advise them that their alleged claims were meritless, and would result in slander to our client's title to the property.  We have heard nothing further from them since.

In July 2021, a putative claimant (CL Davis) contacted my client regarding a mechanics' lien claim for a lien filed in July 2021 (after my client's acquisition of the property through foreclosure).   This is the lien filed under RP-2021-413788.  We responded to their counsel to advise them that their alleged claims were meritless, that their alleged lien was not timely filed and, in any event, that whatever lien rights they had were against my client's predecessor-in-title.  We have heard nothing further from them since.

My client has not heard from the other party that filed a mechanics' lien claim (Kimley-Horn); however, their lien was filed prior to my client's foreclosure.  As such, it was extinguished by virtue of foreclosure of my client's superior lien.

Please advise if, given the attached, and detail above, FNT is willing to remove Item 6 from Schedule C to the commitment.

Thanks!

-Josh

---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Wednesday, March 30, 2022 2:23 PM
**To:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Cc:** Jonathan Daniel <jdaniel@knightheadfunding.com>; Henry Boeckmann <hboeckmann@knightheadfunding.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Subject:** RE: Knighthead/Main St

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Joshua,

I have spoken with underwriting counsel and Fidelity will agree to omit the Schedule C requirement if the lien claimants have not filed suit prior to closing or tried to have the lender to pay these claims.
Has the seller been contacted by any of the claimants? A clear title update and a statement in the Owner's Affidavit would satisfy the Sch C requirement. Would you send me your form of Owner's Affidavit?

For example, below is a standard paragraph in an Owner's Affidavit:

*No claims have been asserted by other parties, and Owner does not have any judgments, pending litigations, outstanding liens, court actions or attachments against it in or from any court.*

Thank you,

Lolly Avant, SVP
National Business Development|Senior Closer
Fidelity National Title
National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Email: lavant@fnf.com
Direct: 713-621-9170
Mobile: 281-217-9517

**Chicago Title** | **Commonwealth** | **Fidelity National Title**

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Tuesday, March 29, 2022 1:48 PM
**To:** Avant, Lolly <LAvant@fnf.com>
**Cc:** Jonathan Daniel <jdaniel@knightheadfunding.com>; Henry Boeckmann <hboeckmann@knightheadfunding.com>; Rebecca Brown <Rbrown@knightheadfunding.com>
**Subject:** Knighthead/Main St

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.
Hi Lolly.  We received a copy of the attached commitment, dated March 22, 2022, relating to Knighthead's property in Houston.

We noted that Item 6 in Schedule C provides "We should have lender verify that it has not been contacted by the claimants of Mecanic's Liens filed under Harris
County Clerk's File No(s) RP-2021-137391 and RP-2021-413788, seeking to be paid by the lender on some quantum meruit theory" (sp).

As you know, my client foreclosed on its deed of trust and vendor's lien held against the prior owners (Caydon).  This means that both liens have been extinguished, and should not be shown on Schedule C at all.  I believe we already discussed this with FNT – including underwriting – and this issue had already been resolved.

Can you please remove these items from Schedule C in the next update of the commitment?

Please advise.  Thanks.

-Josh



**Joshua D. Bernstein**
Partner

Tel: (512) 637-4956  |  Fax: (512) 637-4958
3144 Bee Caves Road  |  Austin, TX 78746

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

-------------------------------------------------------------------------
This message was secured by **Zix**®.


-------------------------------------------------------------------------
This message was secured by **Zix**®.

EXHIBIT 2

**SELLER/OWNER AFFIDAVIT**
**(Made by Representative of Entity)**


Date:           April 7, 2022

Owner Name and
Mailing Address:      KH-REIT II Funding XXII, LLC, a Delaware limited liability company
                      777 W. Putnam Ave. 3rd Floor, Suite B-2
                      Greenwich, CT 06830
                      Attn: Jonathan Daniel and Laura Torrado

Affiants:          Laura L. Torrado

Property:         See Exhibit A attached.

Affiant swears on behalf of Seller that the following statements are true and within the personal knowledge of Affiant:

    1.      Seller is the owner of the Property described above.

*Debts, liens, encumbrances:*

    2.      Except for those mechanic's liens filed under Clerk's File Nos. RP-2021-137391 and RP-2021-413788 extinguished by the foreclosure of Seller's deed of trust, and qualified, in any event, to my actual knowledge, with no duty of investigation or inquiry, there are no liens or encumbrances (Mortgages, Deeds of Trust, Judgments, Tax Liens, Mechanic's Liens, unpaid homeowners or condominium association dues or assessments, etc.) known to me which are not being paid or properly accounted for in the current transaction.

    3.      To my actual knowledge, with no duty of investigation or inquiry Seller is not a party to any pending lawsuits in any State or Federal Court, and except for an alleged, untimely claim of mechanics' lien by Glumac that would have been extinguished by the foreclosure of Seller's deed of trust, as previously disclosed to the Title Company, I am not aware of any lawsuit which may be filed against Seller; nor has Seller been declared bankrupt or insolvent, voluntarily or involuntarily, in any court.

    4.      To my actual knowledge, with no duty of investigation or inquiry, all charges for assessments, improvements, and services furnished by any governmental entity, including but not limited to paving or mowing, have been paid, and – SAVE AND EXCEPT for a request by the City of Houston for removal of the construction barrier fencing located along or beyond a portion of the Property's boundary – Seller has received no

notice from any governmental agency that work is required to be done to the Property which might result in future charges.

5.      To my actual knowledge, with no duty of investigation or inquiry, there are no unrecorded and/or outstanding leases, contracts, options or agreements affecting the Property.

6.      There are no outstanding contracts of Sale or other options to purchase the Property other than any Contract which may be the subject of the present transaction.

*Taxes, assessments, dues:*

7.      To my actual knowledge, with no duty of investigation or inquiry, all taxes, charges, dues, and other assessments payable in connection with the subject property have been paid through the current date, unless payment has been provided for on the Settlement Statement used in the current transaction.

*Unless shown on the survey plat of the Property provided to Underwriter or its Agent:*

8.      To my actual knowledge, with no duty of investigation or inquiry, none of the improvements to the subject property include a manufactured home, mobile home or house trailer.

9.      Except as shown on the Survey, I have no knowledge, and have no duty of investigation or inquiry, of any highways, abandoned roads or lanes, running through the Property.

10.     I have no knowledge, and have no duty of investigation or inquiry, of any cemetery or family burial grounds located on the Property.

*Other representations:*

11.     The current transaction is not made for the purpose of hindering, delaying, or defrauding any creditors of Seller.

12.     The Title Company may rely on these statements.

*[Signature and Notary pages to follow.]*

**SELLER**:

KH-REIT II FUNDING XXII, LLC,
a Delaware limited liability company


By: _____
Name:  Laura L. Torrado
Title:   Authorized Signatory


<u>ACKNOWLEDGMENT</u>


STATE OF NEW YORK                    )
                                     ) ss: New York
COUNTY OF NEW YORK              )

        On the _____ day of _____, 2922, before me, the undersigned, a Notary Public in and for said State, personally appeared Laura L. Torrado, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


_____
Notary Public, State of New York

## EXHIBIT "A"

TRACT 1:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2701 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693477, of the Map Records of Harris County, Texas.

TRACT 2:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2627 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693664, of the Map Records of Harris County, Texas.



EXHIBIT 3

# WILSON CRIBBS + GOREN

**SARA PRASATIK**
Attorney at Law

2500 Fannin Street
Houston, Texas 77002

713.222.9000 *main*
713.229.8824 *fax*

sprasatik@wcglaw.com
713.547.8520 *direct*

October 11, 2022

**Via Email:** jdaniel@knightheadfunding.com and ltorrado@knighthead.com
KH-REIT II FUNDING XXII, LLC
777 W. Putnam Ave.
3rd Floor, Suite B-2
Greenwich, CT 06830
Attn: Jonathan Daniel and Laura Torrado

**Via Email:** jbernstein@legalstrategy.com
KH-REIT II FUNDING XXII, LLC
c/o Hajjar Peters LLP
3144 Bee Caves Road
Austin, TX 78746
Attn: Josh Bernstein

**Via Email:** lavant@fnf.com and deborah.montgomery@fnf.com
FIDELITY NATIONAL TITLE INSURANCE COMPANY
1900 West Loop South, Suite 200
Houston, TX 77027
Attn: Lolly Avant, Deborah Montgomery

RE:     The Sale Agreement dated March 31, 2022 by and between KH-REIT II
        Funding XXII, LLC, a Delaware limited liability company ("Seller"), and Grant
        Meadows, LLC, a Texas limited liability company ("Purchaser"), related to
        approximately 2.089 acres in Houston, Texas, and as amended ("Contract")
        and GF No. FAH22004012.

Ladies and Gentlemen:

        This firm continues to represent Purchaser in connection with the referenced
Contract. In anticipation of Closing scheduled for this Contract on October 28, 2022, this
letter serves as notice of certain issues related to Seller's obligations under the Contract. All
capitalized terms not herein defined shall have the same meaning as in the Contract.

        Purchaser informs us that there is (1) an unrecorded agreement or contract affecting
the Property; (2) a neighboring owner is actively asserting claims and has threatened
litigation against Seller arising out of that unrecorded agreement or contract; and (3) a

neighboring owner has threatened litigation against Seller regarding the Seller's authorization to Purchaser to move a CenterPoint utility pole on the Land.

As a material part of the consideration exchanged in support of the Contract, Seller represented and warranted that (1) "it has full power and authority to . . . perform its obligations hereunder and has taken all necessary action to authorize the execution and performance of this Agreement and the consummation of the transactions contemplated herein;" and (2) "execution and performance of [the Contract] does not in any manner conflict with any other agreement to which Seller is a party." Contract §§ 8(b)(ii); 8(b)(iii).

In connection with the Contract, effective as of May 3, 2022, Seller agreed to a First Amendment to Sale Agreement, by which Seller gave Purchaser its consent and authorization to remove or relocate the power pole on the Land. *See* Exhibit 1.

On June 27, 2022, Main 2601 Partners, LLC, a neighboring owner, sent written notice to Seller that Seller has no right to "relocate, move, or otherwise alter (or cause the relocation, movement, or alteration of) the power poles and/or other electrical facilities located on Seller's property that serve [Main 2601 Partners, LLC's] property" without Main 2601 Partners, LLC's prior written approval. *See* Exhibit 2.

In that same letter, Main 2601 Partners, LLC unequivocally stated that it "intends to pursue and exercise its rights and remedies that [Main 2601 Partners, LLC] may have under any contracts and agreements, at law, in equity, or otherwise." Based on this letter it appears that there is a dispute about whether Seller has (or had) authority to authorize and grant Purchaser permission to relocate the power pole.

Similarly, on April 25, 2022, Main 2601 Partners, LLC, sent written notice to Seller that Seller remains in breach of an unrecorded agreement, which was entered into by Seller's predecessor in interest, Main 2601 Partners, LLC, in which Seller purportedly has an obligation to add an "additional curb cut" as defined in that agreement. *See* Exhibit 3. Notably, this instrument is not recorded in the real property records and was not disclosed to Purchaser as part of the Property Documents. In that same letter, Main 2601 Partners, LLC also notified Seller that it had failed to meet its obligations, including "the relocation of electrical facilities benefitting and supplying power" to the neighboring property. Seller has never disclosed to Purchaser *any* such obligations.

Per Section 5(c) of the Contract, Seller agreed to execute and deliver at Closing several items, including but not limited to, an "owner's title affidavit in customary form". Per the affidavit, which was prepared by Seller, Seller agreed that at Closing it will swear the following statements are true and correct:

> **To my actual knowledge, with no duty of investigation or inquiry Seller is not a party to any pending lawsuits in any State or Federal Court**, and except for an alleged, untimely claim of mechanics' lien by Glumac that would have been extinguished by the foreclosure of Seller's deed of trust, as previously disclosed to the Title Company, **I am not aware of any lawsuit which may be filed against** Seller; nor has Seller been declared bankrupt or insolvent, voluntarily or involuntarily, in any court . . . . [and]

october 11, 2022
Page | 3

To my actual knowledge, with no duty of investigation or inquiry, there are **no unrecorded and/or outstanding leases, contracts, options or agreements affecting the Property**.

Based on the Contract (and all amendments thereto), along with Main 2601 Partners, LLC's correspondence, without further action, it appears that Seller will not be able to perform material Contract obligations. Furthermore, without further, written assurance that Seller will honor its obligations under the Contract, Purchaser will rightfully conclude that Seller has anticipatorily repudiated the Contract. Should Seller fail to remedy these issues, Purchaser will seek to enforce its rights under the Contract to recover its damages, reasonable attorneys' fees, costs, and all other relief available under Texas law.

Nothing herein shall constitute an election of remedies by Purchaser nor waiver of any rights not expressly set forth herein. Nothing herein shall constitute a termination of the Contract or Seller's obligations under the Contract.

I appreciate and expect your prompt attention to this matter.

Sincerely,

Wilson, Cribbs & Goren, PC

By:_____
    Sara Prasatik

Enclosures

cc:    Client
       Travis Huehlefeld (firm)

# EXHIBIT 4

**From:** Brian H. Buster [bbuster@legalstrategy.com]
**Sent:** 10/19/2022 4:37:54 PM
**To:** Avant, Lolly [LAvant@fnf.com]; Joshua Bernstein [jbernstein@legalstrategy.com]
**CC:** Rebecca Brown [Rbrown@knightheadfunding.com]; Galperin, Robert [Robert.Galperin@fnf.com]; Ebbs, Mary [Mary.Ebbs@fnf.com]
**Subject:** RE: Main St Closing

[EXTERNAL]

Lolly,

That is fine. Can we do 10:00 sharp? Want to make sure we are moving along.

Sincerely,

Brian Buster

**\*\*\* For Service of Process (ONLY) use email: service@legalstrategy.com \*\*\***



**Brian H. Buster**
Of Counsel

Tel: (512) 637-4956 | Fax: (512) 637-4958
3144 Bee Caves Road | Austin, TX 78746



---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Wednesday, October 19, 2022 11:35 AM
**To:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Cc:** Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>; Galperin, Robert <Robert.Galperin@fnf.com>; Ebbs, Mary <Mary.Ebbs@fnf.com>
**Subject:** RE: Main St Closing

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Joshua,

May we reschedule our call to tomorrow?

I am available any time after 10am Central.

Thank you,

CONFIDENTIAL

Lolly Avant, SVP
National Business Development|Senior Closer
Fidelity National Title
National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Email: lavant@fnf.com
Direct: 713-621-9170
Mobile: 281-217-9517

---

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Tuesday, October 18, 2022 5:29 PM
**To:** Avant, Lolly <LAvant@fnf.com>
**Cc:** Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>; Galperin, Robert <Robert.Galperin@fnf.com>; Ebbs, Mary <Mary.Ebbs@fnf.com>
**Subject:** RE: Main St Closing

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.
Great. Let's talk at noon central. I can call you then.

---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Tuesday, October 18, 2022 1:42 PM
**To:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Cc:** Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>; Galperin, Robert <Robert.Galperin@fnf.com>; Ebbs, Mary <Mary.Ebbs@fnf.com>
**Subject:** Re: Main St Closing

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Hello Joshua,

I am available between 10am-1pm Central tomorrow.

Thank you.

Get Outlook for iOS

---

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Tuesday, October 18, 2022 12:54:22 PM
**To:** Avant, Lolly <LAvant@fnf.com>
**Cc:** Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>; Galperin, Robert <Robert.Galperin@fnf.com>; Ebbs, Mary <Mary.Ebbs@fnf.com>
**Subject:** RE: Main St Closing

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.
Thanks for your offer of a call today. Do you have any availability tomorrow afternoon?

---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Monday, October 17, 2022 4:11 PM

**To:** Joshua Bernstein <[jbernstein@legalstrategy.com](mailto:jbernstein@legalstrategy.com)>
**Cc:** Rebecca Brown <[Rbrown@knightheadfunding.com](mailto:Rbrown@knightheadfunding.com)>; Brian H. Buster <[bbuster@legalstrategy.com](mailto:bbuster@legalstrategy.com)>; Galperin, Robert <[Robert.Galperin@fnf.com](mailto:Robert.Galperin@fnf.com)>; Ebbs, Mary <[Mary.Ebbs@fnf.com](mailto:Mary.Ebbs@fnf.com)>
**Subject:** RE: Main St Closing

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> This message was sent securely using Zix®

Joshua,

I am available between 12 noon- 1pm Central tomorrow.

Thank you,

Lolly Avant, SVP
Fidelity National Title Insurance Company
National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Office Ph: 713-621-9960
Mobile Ph: 281-217-9517
Email: [lavant@fnf.com](mailto:lavant@fnf.com)

---

**From:** Joshua Bernstein <[jbernstein@legalstrategy.com](mailto:jbernstein@legalstrategy.com)>
**Sent:** Monday, October 17, 2022 3:58 PM
**To:** Avant, Lolly <[LAvant@fnf.com](mailto:LAvant@fnf.com)>
**Cc:** Rebecca Brown <[Rbrown@knightheadfunding.com](mailto:Rbrown@knightheadfunding.com)>; Brian H. Buster <[bbuster@legalstrategy.com](mailto:bbuster@legalstrategy.com)>; Galperin, Robert <[Robert.Galperin@fnf.com](mailto:Robert.Galperin@fnf.com)>; Ebbs, Mary <[Mary.Ebbs@fnf.com](mailto:Mary.Ebbs@fnf.com)>
**Subject:** RE: Main St Closing

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.

Lolly:

I suggest we schedule a call to discuss.  Can you provide some times tomorrow that work for you?

---

**From:** Avant, Lolly <[LAvant@fnf.com](mailto:LAvant@fnf.com)>
**Sent:** Monday, October 17, 2022 3:57 PM
**To:** Joshua Bernstein <[jbernstein@legalstrategy.com](mailto:jbernstein@legalstrategy.com)>
**Cc:** Rebecca Brown <[Rbrown@knightheadfunding.com](mailto:Rbrown@knightheadfunding.com)>; Brian H. Buster <[bbuster@legalstrategy.com](mailto:bbuster@legalstrategy.com)>; Galperin, Robert <[Robert.Galperin@fnf.com](mailto:Robert.Galperin@fnf.com)>; Ebbs, Mary <[Mary.Ebbs@fnf.com](mailto:Mary.Ebbs@fnf.com)>
**Subject:** RE: Main St Closing

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

> This message was sent securely using Zix®

Joshua,

Pursuant to the First amendment to the contract, where do you and the purchaser stand with the relocation of the power pole?

Has this been addressed with 2601 Main Partners? Is there an unrecorded contract or agreement? Is 2601 Main Partners threatening litigation?

Please advise.

Lolly Avant, SVP
Fidelity National Title Insurance Company
National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Office Ph: 713-621-9960
Mobile Ph: 281-217-9517
Email: lavant@fnf.com

---

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Monday, October 17, 2022 10:33 AM
**To:** Avant, Lolly <LAvant@fnf.com>; Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Cc:** Avant, Alli <Alli.Avant@fnf.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>
**Subject:** RE: Main St Closing

IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.
Sounds good.  Thanks so much.

---

**From:** Avant, Lolly <LAvant@fnf.com>
**Sent:** Monday, October 17, 2022 10:28 AM
**To:** Joshua Bernstein <jbernstein@legalstrategy.com>; Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Cc:** Avant, Alli <Alli.Avant@fnf.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>
**Subject:** RE: Main St Closing

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This message was sent securely using Zix®

Joshua,

I will the file and let you know the requirements for closing by tomorrow.

I am in closings the remainder of the day.

Thank you,

Lolly Avant, SVP
National Business Development|Senior Closer
Fidelity National Title
National Commercial Services
1900 West Loop South, Suite 200
Houston, Texas 77027
Email: lavant@fnf.com
Direct: 713-621-9170
Mobile: 281-217-9517

---

**From:** Joshua Bernstein <jbernstein@legalstrategy.com>
**Sent:** Monday, October 17, 2022 10:15 AM
**To:** Montgomery, Deborah <Deborah.Montgomery@fnf.com>
**Cc:** Avant, Alli <Alli.Avant@fnf.com>; Avant, Lolly <LAvant@fnf.com>; Rebecca Brown <Rbrown@knightheadfunding.com>; Brian H. Buster <bbuster@legalstrategy.com>
**Subject:** Main St Closing

<mark>IMPORTANT NOTICE - This message sourced from an external mail server outside of the Company.</mark>

Deborah:

Can we get drafts of a closing statement and any other title-produced closing documents for our Grant Meadows/Knighthead deal on Main Street? Our guys are ready, willing and able to close, and intend to do so, so will need all closing documents in hand prior to the scheduled closing date of 10/28.

Thanks.

-Josh



www.legalstrategy.com

**Joshua D. Bernstein**
Partner
Tel: (512) 637-4956  |  Fax: (512) 637-4958
3144 Bee Caves Road  |  Austin, TX 78746

---

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

------------------------------------------------------------------------
This message was secured by Zix®.

------------------------------------------------------------------------
This message was secured by **Zix**®.

------------------------------------------------------------------------
This message was secured by **Zix**®.

------------------------------------------------------------------------
This message was secured by **Zix**®.

------------------------------------------------------------------------
This message was secured by **Zix**®.

CONFIDENTIAL