# EXHIBIT 1



Knighthead Funding, LLC
777 W. Putnam Ave.
3rd Floor, Suite B-2
Greenwich, CT 06830
T: 203-327-3327
www.knightheadfunding.com

October 25, 2022

**VIA FEDEX Tracking No.: 7703 0707 9815**
Lolly Avant, SVP
Fidelity National Title Insurance Company
1900 West Loop South, Suite 200
Houston, TX 77027

   **RE:** **Seller: KH-REIT II Funding XXII, LLC**
     **Buyer: Grant Meadows, L.L.C.**
     **Title Commitment No. FAH22004012**

Dear Lolly:

   With regard to the above-captioned matter, please find enclosed herewith the following original documents:

1. Special Warranty Deed
2. Bill of Sale and General Assignment
3. FRPTA Certificate
4. Substitute Form 1099-S
5. Title Affidavit
6. Notice to Purchaser – Deed Restrictions
7. Sole Member's Certificate with exhibits
8. Additional signature pages

   You are hereby instructed to hold the enclosed in escrow pending written authorization from Lender or its counsel (Josh Bernstein or Brian Buster with Hajjar Peters LLP) to release same.

   We trust you will find the above and enclosed in order.  Should you have any questions, please contact the undersigned at (203) 489-1423 or rbrown@knightheadfunding.com.

        Sincerely,

        */s/ Rebecca B. Brown*

        Rebecca B. Brown

Encl.
cc: w/o encl. Hajjar Peters LLP (J. Bernstein; B. Buster)

CONFIDENTIAL

KH05347

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER AND DRIVERS LICENSE NUMBER.**

### SPECIAL WARRANTY DEED

STATE OF TEXAS           §
                                             KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS      §

That KH-REIT II FUNDING XXII, LLC, a Delaware limited liability company ("**Grantor**"), having an address of 777 West Putnam Ave., 3rd Floor, Suite B-2, Greenwich, CT 06830, for and in consideration of $10.00 and other good and valuable consideration paid, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD, AND CONVEYED and by these presents does GRANT, BARGAIN, SELL, AND CONVEY to GRANT MEADOWS, L.L.C., a Texas limited liability company ("**Grantee**"), that certain parcel or parcels of land in the county and state referenced above, more particularly described on Exhibit A attached hereto and incorporated herein for all purposes, together with all and singular the rights, privileges, hereditaments, and appurtenances pertaining to such real property (collectively, the "**Property**").

This conveyance is made and accepted subject to current real property taxes and all unpaid non-delinquent general and special taxes, bonds and assessments; all liens, covenants, conditions, reservations, rights, easements, interests, rights of way, and restrictions of public record; all matters of public record; all leases and other occupancy agreements in effect; all zoning ordinances and regulations and any other laws, ordinances or governmental regulations restricting or regulating the use, occupancy or enjoyment of the Property; all matters visible upon or about the Property or that would be disclosed by an accurate survey of the Property ("**Permitted Encumbrances**").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereunto in anywise belonging, unto Grantee, its successors and assigns forever, and Grantor does hereby bind itself, its successors and assigns, to WARRANT AND FOREVER DEFEND all and singular the title to the Property unto the said Grantee, its successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through, or under Grantor but not otherwise, subject to the Permitted Encumbrances.

Grantee's address is: 2429 Bissonnet Street, Suite 615, Houston, TX 77005

[SIGNATURE PAGE FOLLOWS]

SPECIAL WARRANTY DEED - PAGE 1

CONFIDENTIAL                                                                                                          KH05348

EXECUTED as of _____, 2022.

KH-REIT II FUNDING XXII, LLC,
a Delaware limited liability company

By: _____
Name:   Laura L. Torrado
Title:    Authorized Signatory


STATE OF  NEW YORK          §
                                             §
COUNTY OF NEW YORK         §

     The foregoing instrument was acknowledged before me this 25th day of  October      , 2022, by Laura Torrado, Authorized Signatory of KH-REIT II FUNDING XXII, LLC, a Delaware limited liability company, on behalf of said limited liability company.

```
┌──────────────────────────────────────┐
│            Nikki Nociforo             │
│ NOTARY PUBLIC, STATE OF NEW YORK      │
│     Registration No. 01NO6418572      │
│       Qualified in New York County    │
│ Commission Expires    June 14, 2025   │
└──────────────────────────────────────┘
```

Notary Public, State of  New York

SPECIAL WARRANTY DEED

CONFIDENTIAL

## EXHIBIT A

## LEGAL DESCRIPTION

TRACT 1:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2701 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693477, of the Map Records of Harris County, Texas.

TRACT 2:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2627 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693664, of the Map Records of Harris County, Texas.

SPECIAL WARRANTY DEED

CONFIDENTIAL

KH05350

## BILL OF SALE AND GENERAL ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS, that KH-REIT II FUNDING XXII, LLC, a Delaware limited liability company ("**Seller**"), for and in consideration of the sum of Ten Dollars and No/100 Dollars ($10.00) in hand paid by GRANT MEADOWS, L.L.C., a Texas limited liability company ("**Purchaser**"), to or on behalf of Seller, the receipt of which is hereby acknowledged, Assignor has simultaneously herewith conveyed to the Assignee all of Assignor's right, title and interest in and to certain real property located at 2701 Main Street and 0 Main Street and 2606 Fannin Street, Houston, Texas 77002 (the "**Premises**"), and in connection therewith, Assignor does hereby sell, transfer and assign to Purchaser, its successors and assigns, all of Seller's right, title and interest, if any, in and to the following (collectively, "**Assigned Property**"): (i) all machinery, appliances, furniture, equipment, trade fixtures and other tangible personal property (collectively, the "**Equipment**"); (ii) any warranties and/or guaranties relating to the Premises to the extent assignable (collectively, "**Warranties**"), and (iii) to the extent assignable, any transferable consents, authorizations, variances or waivers, licenses, permits, development rights, air rights, entitlements, guarantees, certificates, permits, warranties and approvals from any governmental or quasi-governmental agency, department, board, commission, bureau or other entity or instrumentality relating to the Premises (collectively "**Approvals**"), (iv) all guarantees, licenses, approvals, certificates, permits, warranties, transferable telephone exchange numbers, plans and specifications, engineering plans and studies, floor plans, landscape plans, logos, designs, trade names, trademarks, servicemarks, copyrights and other intellectual property, to the extent assignable (collectively, "**Intangible Property**"). Seller makes no warranty or representation with respect to the Assigned Property, which is conveyed on an "AS-IS, WHERE-IS, WITH ALL FAULTS" basis, without recourse to Assignor.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

CONFIDENTIAL

**IN WITNESS WHEREOF**, Seller and Purchaser have executed this Bill of Sale and General Assignment as of the date first above written.

Dated: _____ \_\_\_, 2022          SELLER:

KH-REIT II FUNDING XXII, LLC,
a Delaware limited liability company

By: _____
Name:  Laura L. Torrado
Title:   Authorized Signatory

Dated: _____ \_\_\_, 2022          PURCHASER:

GRANT MEADOWS, L.L.C., a Texas limited liability company

By: _____
Name: _____
Title: _____

CONFIDENTIAL                                                                 KH05352

CERTIFICATE OF NONFOREIGN STATUS

PURCHASER: **GRANT MEADOWS, L.L.C.**, a Texas limited liability company

SELLER: **KH-REIT II FUNDING XXII, LLC**, a Delaware limited liability company

U.S. REAL PROPERTY INTEREST:

Section 1445 of the Internal Revenue Code (the "Code") provides that a transferee of a U.S. real property interest must withhold tax if the transferor is a foreign person. For U.S. tax purposes (including Section 1445 of the Code), the owner of a disregarded entity (which has legal title to a U.S. real property interest under local law), and not the disregarded entity, will be the transferor of such property.

To inform Purchaser that withholding of tax is not required upon the disposition by Seller of the U.S. real property interest, the undersigned, on behalf of KNIGHTHEAD SSRE REIT II, INC., a Delaware limited liability company ("Owner"), in its capacity as owner of Seller, certifies to Purchaser, the following:

1.      Owner is the owner of Seller;

2.      Seller is a disregarded entity;

3.      Owner is not a disregarded entity as defined in § 1.1445-2(b)(2)(iii);

4.      Owner is not a foreign corporation, foreign partnership, foreign trust, or foreign estate (as those terms are defined in the Code and Income Tax Regulations promulgated thereunder);

5.      Owner's U.S. employer identification number is 30-0932170, and its office address is: 777 West Putnam Avenue, 3rd Floor, Suite B-2, Greenwich, CT 06830.

Owner understands that this certification may be disclosed to the Internal Revenue Service by the transferee and that any false statement contained herein could be punished by fine, imprisonment or both.

Under penalties of perjury, I declare that I have examined this certification and to the best of my knowledge and belief it is true, correct and complete, and I further declare that I have authority to sign this document on behalf of Owner.

[Signature Page Follows]

CONFIDENTIAL

Dated: October 28, 2022.

**OWNER**:

KNIGHTHEAD SSRE REIT II, INC.,
a Delaware limited liability company

By: _____
       Name: Laura L. Torrado
       Title: Authorized Signatory

Sworn to me this 25th day of October , 2022

_____
Notary Public

- 2 -

CONFIDENTIAL

KH05354

# Fidelity National Title

Proceeds from Real Estate Transactions as required by the Internal Revenue Service
*You are required by law to provide Fidelity National Title with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law.*

Branch Address
1900 West Loop South, Suite 00
Houston, TX 77027

**Substitute Form 1099-S**
This is important tax information and is being furnished to the Internal Revenue Service, as required by section 1521 of the Tax Reform Act of 1986. If you are required to file a return, a negligence penalty or other sanction will be imposed if this income is taxable and the IRS determines that it has not been reported.

GF#:  FTH-18-FAH22004012

Date of closing:  October 28, 2022

## PROPERTY ADDRESS OR LEGAL DESCRIPTION

2701 and 2627 MAIN STREET, Houston, TX

Assessor's Parcel Number (APN) -

**PROCEEDS FOR THIS SALE WENT TO:**  (MULTIPLE SELLERS - Use one form for each seller.  Treat husband and wife as one seller (filing joint tax returns) unless requested otherwise, then separate forms must be used.)

1. _____
   Sellers Name (First, MI, Last or Entity Name)

2. _____
   Spouse or Personal Representative

Federal Tax ID# for this seller
(List only the Tax ID# for the seller listed on Line 1, spouse Tax ID# not required.  Executor/Trustee should not list their name as the seller unless they are going to report the proceeds on their personal income tax return.  Disregarded entities should provide the name and Tax ID# of the responsible person/entity.)

## TOTAL CONSIDERATION

$ _____  Total Consideration

☐  Exchange (If checked)

_____  % Percentage of ownership for this seller

$ _____  GROSS Allocated Proceeds
(Total consideration multiplied by percentage of ownership)

$ _____ Tax Credit to Seller (Real property tax credits to seller contained in the 400 series of the HUD-1 or comparable closing statement form.)

## MAILING ADDRESS:

c/o Knighthead Funding, LLC
777 W. Putnam Ave., 3rd Floor, Suite B-2
Greenwich, CT 06830

☐  Check here if the address is outside of the U.S.A.

☐  Check here if you are a foreign person per IRS regulations (nonresident alien, foreign partnership, foreign estate, or foreign trust).  Do not sign below.

Under penalties of perjury, I certify that I am a U.S. person or U.S. resident alien and the number shown on this statement is my correct taxpayer identification number.

X _____
Transferor's Signature
Laura L. Torrado, Authorized Signatory

_____
Date

Retain for 4 years

1099-S (Substitution) (1099) (10-03) (Rev. 09-12)
TXFNFESC_SubstituteForm1099-S (11-07)

CONFIDENTIAL

KH05355

**SELLER/OWNER AFFIDAVIT**
**(Made by Representative of Entity)**

Date:          October 28, 2022

Owner Name and
Mailing Address:     KH-REIT II Funding XXII, LLC, a Delaware limited liability company
                     777 W. Putnam Ave. 3rd Floor, Suite B-2
                     Greenwich, CT 06830
                     Attn: Jonathan Daniel and Laura Torrado

Affiants:          Laura L. Torrado

Property:          See Exhibit A attached.

Affiant swears on behalf of Seller that the following statements are true and within the personal knowledge of Affiant:

1.      Seller is the owner of the Property described above.

*Debts, liens, encumbrances:*

2.      Except for those mechanic's liens filed under Clerk's File Nos. RP-2021-137391 and RP-2021-413788 extinguished by the foreclosure of Seller's deed of trust, and qualified, in any event, to my actual knowledge, with no duty of investigation or inquiry, there are no liens or encumbrances (Mortgages, Deeds of Trust, Judgments, Tax Liens, Mechanic's Liens, unpaid homeowners or condominium association dues or assessments, etc.) known to me which are not being paid or properly accounted for in the current transaction.

3.      To my actual knowledge, with no duty of investigation or inquiry Seller is not a party to any pending lawsuits in any State or Federal Court, and except for an alleged, untimely claim of mechanics' lien by Glumac that would have been extinguished by the foreclosure of Seller's deed of trust, as previously disclosed to the Title Company, I am not aware of any lawsuit which may be filed against Seller; nor has Seller been declared bankrupt or insolvent, voluntarily or involuntarily, in any court.

4.      To my actual knowledge, with no duty of investigation or inquiry, all charges for assessments, improvements, and services furnished by any governmental entity, including but not limited to paving or mowing, have been paid, and – SAVE AND EXCEPT for a request by the City of Houston for removal of the construction barrier fencing located along or beyond a portion of the Property's boundary – Seller has received no

CONFIDENTIAL                                                    KH05356

notice from any governmental agency that work is required to be done to the Property which might result in future charges.

5. To my actual knowledge, with no duty of investigation or inquiry, there are no unrecorded and/or outstanding leases, contracts, options or agreements affecting the Property.

6. There are no outstanding contracts of Sale or other options to purchase the Property other than any Contract which may be the subject of the present transaction.

*Taxes, assessments, dues:*

7. To my actual knowledge, with no duty of investigation or inquiry, all taxes, charges, dues, and other assessments payable in connection with the subject property have been paid through the current date, unless payment has been provided for on the Settlement Statement used in the current transaction.

*Unless shown on the survey plat of the Property provided to Underwriter or its Agent:*

8. To my actual knowledge, with no duty of investigation or inquiry, none of the improvements to the subject property include a manufactured home, mobile home or house trailer.

9. Except as shown on the Survey, I have no knowledge, and have no duty of investigation or inquiry, of any highways, abandoned roads or lanes, running through the Property.

10. I have no knowledge, and have no duty of investigation or inquiry, of any cemetery or family burial grounds located on the Property.

*Other representations:*

11. The current transaction is not made for the purpose of hindering, delaying, or defrauding any creditors of Seller.

12. The Title Company may rely on these statements.

*[Signature and Notary pages to follow.]*

CONFIDENTIAL                                    KH05357

**SELLER:**

KH-REIT II FUNDING XXII, LLC,
a Delaware limited liability company

By: _____

Name:  Laura L. Torrado
Title:    Authorized Signatory


<u>ACKNOWLEDGMENT</u>


STATE OF NEW YORK                          )
                                                              ) ss: New York
COUNTY OF NEW YORK                     )

On the _25th_ day of _October_, 2022, before me, the undersigned, a Notary Public in and for said State, personally appeared Laura L. Torrado, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.


| Nikki Nociforo |
| NOTARY PUBLIC, STATE OF NEW YORK |
| Registration No. 01NO6418572 |
| Qualified in New York County |
| Commission Expires    June 14, 2025 |

Notary Public, State of New York

CONFIDENTIAL

**EXHIBIT "A"**

TRACT 1:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2701 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693477, of the Map Records of Harris County, Texas.

TRACT 2:

Being all of Unrestricted Reserve "A", Block 1, of CAYDON 2627 MAIN STREET, a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 693664, of the Map Records of Harris County, Texas.

CONFIDENTIAL

KH05359

## NOTICE TO PURCHASERS
## DEED RESTRICTIONS

GF No.: FTH-18-FAH22004012

STATE OF TEXAS

COUNTY OF _____ OF  HARRIS _____

The real property described below, which you are purchasing, is subject to deed restrictions recorded in Harris County, Texas.

1.  The following restrictive covenants of record itemized below (We must either insert specific recording data or delete this exception):

    Film Code No. 693477, of the Map Records of Harris County, Texas. (Tract 1)
    Film Code No. 693664, of the Map Records of Harris County, Texas. (Tract 2)

    Omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law.

THE RESTRICTIONS LIMIT YOUR USE OF THE PROPERTY. THE CITY OF HOUSTON IS AUTHORIZED BY STATUTE TO ENFORCE COMPLIANCE WITH CERTAIN DEED RESTRICTIONS. You are advised that, in the absence of a declaratory judgment that the referenced restrictions are no longer enforceable, the City of Houston may sue to enjoin a violation of such restrictions. ANY PROVISIONS THAT RESTRICT THE SALE, RENTAL OR USE OF THE REAL PROPERTY ON THE BASIS OF RACE, COLOR, RELIGION, SEX, OR NATIONAL ORIGIN ARE UNENFORCEABLE; however, the inclusion of such provisions does not render the remainder of the deed restrictions invalid. The legal description and street address to the property you are acquiring are as follows:

Street Address:  2701 and 2627 MAIN STREET, Houston, TX

TRACT 1

All of UNRESTRICTED RESERVE "A", BLOCK 1, CAYDON 2701 MAIN STREET, a subdivision of 1.1478 acres, according to the map or plat thereof recorded under Film Code Number 693477 of the Map Records of Harris County, Texas.

TRACT 2

All of UNRESTRICTED RESERVE "A", BLOCK 1, CAYDON 2627 MAIN STREET, a subdivision of 0.9410 acres, according to the map or plat thereof recorded under Film Code Number 693664 of the Map Records of Harris County, Texas.



CONFIDENTIAL                                                                                              KH05360

**NOTICE TO PURCHASERS**
**DEED RESTRICTIONS**
(Continued)

KH-REIT II FUNDING XXII, LLC, a Delaware limited
liability company

_____
Date

BY: _____
Laura L. Torrado, Authorized Signatory

The undersigned admit receipt of the foregoing notice at or prior to closing the purchase of property above described.

Grant Meadows, L.L.C., a Texas limited liability
company

_____
Date

BY: _____
Shahin Jamea

State of _____

_____ of _____

This instrument was acknowledged before me on the _____, by Shahin Jamea, _____ of Grant Meadows, L.L.C., a Texas limited liability company, a Texas limited liability company.

(Personalized Seal)

Notary Public for the State of _____
My Commission Expires: _____

State of NEW YORK

County _____ of NEW YORK

This instrument was acknowledged before me on the 25ᵗʰ day of October, 2022, by Laura L. Torrado Authorized Signatory of KH-REIT II FUNDING XXII, LLC, a Delaware limited liability company, a Delaware limited liability company.

(Personalized Seal)

_____
Nikki Nociforo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NO6418572
Qualified in New York County
Commission Expires    June 14, 2025

_____ (signature)
Notary Public for the State of New York
My Commission Expires: June 14, 2025

NOTICE TO PURCHASERS DEED RESTRICTIONS
TXFNFESC_NoticetoPurchasersDeedRestrictions (11-07)

CONFIDENTIAL

KH05361

**CERTIFICATE OF SOLE MEMBER OF**

**KH-REIT II FUNDING XXII, LLC**

The undersigned hereby certifies that it is the Sole Member of **KH-REIT II FUNDING XXII, LLC**, a Delaware limited liability company (the "Company"), and has knowledge of the matters contained in this Certificate and hereby certifies to **GRANT MEADOWS L.L.C.**, a Texas limited liability company (the "Purchaser") as follows:

1.      Attached hereto as Exhibit A is a true, correct, and complete copy of the Certificate of Formation of the Company. Said Certificate has not been amended or modified and, on the date hereof, is in full force and effect.

2.      Attached hereto as Exhibit B is a true, correct, and complete copy of the Operating Agreement of the Company. Said Operating Agreement has not been amended or modified and, on the date hereof, is in full force and effect.

3.      Attached hereto as Exhibit C is a true, correct and complete copy of the Certificate of Good Standing of the Company in the State of Delaware as of the date referenced thereon.

4.      Attached hereto as Exhibit D is a true, correct and complete copy of the Unanimous Written Consent of the Board of Directors. Said Written Consent has not been revoked, rescinded or modified and, as of the date hereof, is in full force and effect.

[Signatures Appear on the Following Page(s)]

CONFIDENTIAL

**IN WITNESS WHEREOF**, the undersigned have executed this Certificate of Sole Member as of the ___ day of October, 2022.

**SOLE MEMBER:**

KNIGHTHEAD SSRE REIT II, INC.,
a Delaware limited liability company

By: _____
       Name: Laura L. Torrado
       Title: Authorized Signatory

CONFIDENTIAL

KH05363

## Exhibit A

**Certificate of Formation**
**(attached)**

CONFIDENTIAL

KH05364

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "KH-REIT II FUNDING XXII, LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE TENTH DAY OF MAY, A.D. 2018, AT 1:59 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "KH-REIT II FUNDING XXII, LLC".

Jeffrey W. Bullock, Secretary of State

6880494  8100H
SR# 20223844566

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 204689152
Date: 10-24-22

CONFIDENTIAL

KH05365

### STATE *of* DELAWARE
### LIMITED LIABILITY COMPANY
### CERTIFICATE *of* FORMATION

**First:** The name of the limited liability company is_____
KH-REIT II FUNDING XXII, LLC

**Second:** The address of its registered office in the State of Delaware is_____

251 Little Falls Drive_____ in the City of _Wilmington_____.

Zip code _19808_____. The name of its Registered agent at such address is
Corporation Service Company

**Third:** (Use this paragraph only if the company is to have a specific effective date of dissolution: "The latest date on which the limited liability company is to dissolve is
_____.")

**Fourth:** (Insert any other matters the members determine to include herein.)

**In Witness Whereof,** the undersigned have executed this Certificate of Formation this

_10_____ day of _May_____, _2018_.

By:_____
Authorized Person (s)

Name:____Laura Torrado_____
Authorized Signatory

State of Delaware
Secretary of State
Division of Corporations
Delivered  01:59 PM 05/10/2018
FILED  01:59 PM 05/10/2018
SR 20183600306 - File Number  6880494

CONFIDENTIAL

KH05366

**Exhibit B**

**Operating Agreement**
**(attached)**

CONFIDENTIAL                                                                KH05367

# LIMITED LIABILITY COMPANY AGREEMENT

## OF

## KH-REIT II FUNDING XXII, LLC

This Limited Liability Company Agreement (the "**Agreement**") of KH-REIT II Funding XXII, LLC (the "**Company**"), is entered into by, Knighthead SSRE REIT II, Inc., a Delaware corporation (the "**Sole Member**"), as of May 10, 2018.

WHEREAS, the Sole Member desires to form a limited liability company pursuant to and in accordance with the provisions of the Delaware Limited Liability Company Act, Del. Code title 6, Chapter 18 § 101, et seq., as amended from time to time (the "**Act**"); and

WHEREAS, an authorized person within the meaning of the Act, at the request of and on behalf of the Sole Member, executed and filed with the Secretary of State of the State of Delaware the Certificate of Formation (the "**Certificate**") of the Company on May 10, 2018 (the "**Formation Date**") in order to form a limited liability company pursuant to the Act;

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Sole Member, intending to be legally bound, agrees as follows:

1.     <u>Formation of the Company</u>.  The Sole Member hereby:

    (a)    approves and ratifies the filing of the Certificate with the Secretary of State of the State of Delaware on the Formation Date and all actions taken by or on behalf of the Company on or prior to the execution of this Agreement;

    (b)    confirms and agrees to its status as the Sole Member of the Company as set forth herein; and

    (c)    agrees that if the laws of any jurisdiction in which the Company transacts business so require, the Company shall file, or shall cause to be filed, with the appropriate office in that jurisdiction any documents necessary for the Company to qualify to transact business under such laws and agrees and obligates itself to execute, acknowledge and cause to be filed for record in the place or places and manner prescribed by law any amendments to the Certificate as may be required, either by the Act, by the laws of any jurisdiction in which the Company transacts business, or by this Agreement, to reflect changes in the information contained therein or otherwise to comply with the requirements of law for the continuation, preservation and operation of the Company as a limited liability company under the Act.

2.     <u>Name</u>.  The name of the limited liability company formed hereby is KH-REIT II Funding XXII, LLC.

3.     <u>Purpose</u>.  The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, (i) serving as a subsidiary of

CONFIDENTIAL

KH05368

Knighthead SSRE REIT II, Inc., a real estate investment trust which holds loans and other investments of Knighthead Special Situations Real Estate Fund II, L.P.; (ii) engaging in any lawful act or activity for which limited liability companies may be formed under the Act; and (iii) engaging in any and all activities necessary or incidental to the foregoing.

4.      Registered Office.  The address of the registered office of the Company in the State of Delaware is c/o Corporation Service Company, 251 Little Falls Drive, in the City of Wilmington, County of New Castle.

5.      Registered Agent.  The name and address of the registered agent of the Company for service of process on the Company in the State of Delaware is Corporation Service Company, 251 Little Falls Drive, in the City of Wilmington, County of New Castle.

6.      Principal Business Office.  The principal business office of the Company shall be located at 33 Benedict Place, Greenwich, CT 06830, or at such other address as the Sole Member may hereafter designate from time to time.

7.      Sole Member.  The name and business address of the Sole Member of the Company are as set forth on Exhibit A attached hereto.

8.      Management.

(a)      In accordance with Section 18-402 of the Act, management of the Company shall be vested in the Sole Member.  The Sole Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members of a limited liability company under the laws of the State of Delaware.  The Sole Member has the authority to bind the Company.

(b)      The implementation of any decision made by the Sole Member may be through any person or entity selected by the Sole Member (including any Officer of the Company).  All approvals and consents required herein may be prospective or retroactive.  Unless otherwise determined by the Sole Member, the Company shall have officers with such powers and duties and such authority as are customary with regard to the relative position and title held by each such officer and with such additional powers and duties and with such additional authority as may from time to time be delegated to them by the Sole Member.  The Company will initially have the officer positions set forth on Exhibit B attached hereto.

(c)      The initial officers of the Company, which by the terms hereof are hereby elected, appointed and approved by the Sole Member, shall be those persons listed on Exhibit C attached hereto; and each of them is hereby elected, appointed and approved as an officer of the Company to the position set forth adjacent to each such person's name on Exhibit C each an "**Officer**").  The Sole Member may from time to time elect replacement Officers to serve in any such position.

(d)      Each Officer will hold office until his or her successor has been duly elected and qualified, or until his or her death or until he or she resigns or has been removed.  The Sole Member may appoint such other Officers as it may from time to time determine, each

2

CONFIDENTIAL

KH05369

of whom will hold such office and perform such duties as the Sole Member may from time to time determine. Any Officer may be removed, either with or without cause, at any time, by resolution adopted by the Sole Member. Any Officer may resign at any time by giving written notice to the Company. The resignation of any Officer will take effect upon receipt of notice or at such later time as may be specified in such notice, and unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

(e)   The signed statement of the Sole Member or any Officer and reciting that he/she has authority to undertake any act or has the necessary votes or consents of the Sole Member to take such act, when delivered to any third party, shall be all the evidence such third party shall need concerning the capacity of such Person, and any such third party shall be entitled to rely upon such statement and shall not be required to inquire further as to any of the facts contained in such statement, said facts being deemed to be true insofar as such third party is concerned. After delivering such statement, the Sole Member or such Officer, by its signature alone, may sign any instrument and bind the Company and the property of the Company. Each contract, agreement, deed, mortgage, security agreement, promissory note or other instrument or document executed by the Sole Member or any such Officer with respect to any business or property of the Company shall be conclusive evidence in favor of any and every Person relying thereon or claiming thereunder that (i) at the time of the execution and delivery thereof, this Agreement was in full force and effect, (ii) such instrument or document was duly executed in accordance with the terms, conditions and provisions of this Agreement and is binding upon the Company, and (iii) the Sole Member or such Officer was duly authorized and empowered to execute and deliver any and every such instrument or document for and on behalf of the Company.

9.   _Powers._   The Sole Member and each of the Officers is hereby designated as an authorized person, within the meaning of the Act, to execute, deliver and file the certificate of formation of the Company (and any amendments and/or restatements thereof) and any other certificates (and any amendments and/or restatements thereof) necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business. The execution by any single Officer or the Sole Member of any of the foregoing certificates (and any amendments and/or restatements thereof) shall be sufficient.

10.   _Capital Contributions._   The Sole Member has contributed $1, in cash, and no other property, to the Company. The Sole Member may, but is not required to, make additional capital contributions to the Company from time to time.

11.   _Allocation of Profits and Losses._   The Company's profits and losses shall be allocated 100% to the Sole Member, subject to the assignment of Economic Interests to Investors pursuant to Section 15.

12.   _Distributions._   Distributions shall be made 100% to the Sole Member at the times and in the aggregate amounts determined by the Sole Member, subject to the assignment of Economic Interests to Investors pursuant to Section 15. Notwithstanding any provision to the contrary contained in this Agreement, the Company shall not make a distribution if such distribution would violate § 18-607 of the Act or other applicable law.

3

CONFIDENTIAL                                                                                          KH05370

13.   Liability.

(a)   None of the Sole Member, or any Officer of the Company, or any employee, director, officer, agent, affiliate, shareholder, member, limited partner or general partner of the Sole Member or any affiliate of the Sole Member, shall be liable, responsible or accountable in damages or otherwise to the Company by reason of acts, omissions or errors in judgment, except for acts, omissions or errors in judgment that are found by a court of competent jurisdiction in a final judgment not subject to further appeal to be the result of such person's fraud, gross negligence or willful misconduct.  Notwithstanding any of the foregoing to the contrary, the provisions of this Section shall not be construed so as to relieve (or attempt to relieve) a person of any liability, to the extent (but only to the extent) that such liability may not be waived, modified or limited under applicable law, but shall be construed so as to effectuate the provisions of this Section to the fullest extent permitted by law.

(b)   None of the Sole Member, or any Officer shall be subject in such capacity to any personal liability whatsoever to any person in connection with the Company assets or the acts, obligations or affairs of the Company.  The Sole Member shall have the same limitation of personal liability as is extended to stockholders of a private corporation for profit incorporated under the Delaware General Corporation Law.  The rights accruing to the Sole Member under this Section shall not exclude any other right to which such Sole Member may be lawfully entitled, nor shall anything herein contained restrict the right of the Company to indemnify or reimburse the Sole Member in any appropriate situation even though not specifically provided herein.

(c)   Except as provided in this Section, none of the Sole Member, any Officer of the Company or any employee, director, officer, agent, affiliate, shareholder, member, limited partner or general partner of the Sole Member or any affiliate of the Sole Member in his or her capacity as such shall be liable under a judgment, decree or order of a court, or in any other manner, for any debt, obligation or liability of the Company.

14.   Indemnification.   To the fullest extent permitted by law, the Company shall indemnify, defend and hold harmless the Sole Member, and each Officer of the Company and each manager, employee, director, officer, agent, affiliate, shareholder, member, limited partner and general partner of the Sole Member or any affiliate of the Sole Member (each, an "**Indemnified Person**") from and against any loss, liability, damages, cost or expense (including legal fees and expenses and any amounts paid in settlement) (each a "**Loss**" and collectively "**Losses**") resulting from a claim, demand, lawsuit, action or proceeding by reason of any act or omission performed or omitted by such Indemnified Person on behalf of the Company in a manner reasonably believed to be within the scope of the authority conferred on such Indemnified Person by this Agreement; *provided* that such acts or omissions of such Indemnified Person are not found by a court of competent jurisdiction in a final judgment not subject to further appeal to constitute fraud, gross negligence or willful misconduct.  Expenses, including legal fees, incurred by an Indemnified Person and relating to any claim, demand, lawsuit, action or proceeding for which indemnification is sought under this Section shall be paid by the Company upon demand by the Indemnified Person; *provided* that the Indemnified Person shall reimburse the Company for such expenses if it is ultimately determined that such Indemnified Person is not entitled to indemnification hereunder.

4

CONFIDENTIAL

KH05371

15.     <u>Amendments to this Agreement</u>.  The terms and provisions of this Agreement may be modified or amended at any time and from time to time by the written consent of the Sole Member.

16.     <u>Governing Law</u>.  This Agreement shall be governed by, and construed under, the laws of the State of Delaware, all rights and remedies being governed by said laws.

17.     <u>Entire Agreement</u>.  This Agreement supersedes all prior agreements with respect to the subject matter hereof.  This Agreement contains the entire agreement with respect to such subject matter.  This Agreement may not be amended, supplemented or discharged, and no provision hereof may be modified or waived, except expressly by an instrument in writing signed by the Sole Member.  No waiver of any provision hereof shall be deemed a waiver of any other provision; nor shall any such waiver by any party be deemed a continuing waiver of any matter.  No amendment, modification, supplement, discharge or waiver hereof or hereunder shall require the consent of any person not a party to this Agreement.

18.     <u>Limitation on Rights of Others</u>.  None of the provisions of this Agreement, including Section 10, shall be for the benefit of or enforceable by any creditor of the Company. Furthermore, the Sole Member shall not have any duty or obligation to any creditor of the Company to make any contribution to the Company or to issue any call for capital pursuant to this Agreement.  Nothing in this Agreement shall be deemed to create any legal or equitable right, remedy or claim in any person not a party hereto (other than an Indemnified Person).

<em>[Signature Page Follows]</em>

CONFIDENTIAL

KH05372

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Limited Liability Company Agreement as of the day and year first above written.

Knighthead SSRE REIT II, Inc.

By: _____

  Name: Laura Torrado
  Title: Secretary

CONFIDENTIAL

KH05373

## EXHIBIT A

### Sole Member and Interest

<u>Name and Address of Sole Member</u>                    <u>Interest</u>

Knighthead SSRE REIT II, Inc.                    100%
33 Benedict Place
Greenwich, CT 06830
Attention: Laura Torrado, Esq.

A-1

CONFIDENTIAL

KH05374

## EXHIBIT B

### Description of Officer Positions

(i)      President.  The President shall preside at all meetings of the Sole Member. Subject to the control and direction of the Sole Member, the President may enter into any contract and execute and deliver any instrument in the name and on behalf of the Company.  The President shall perform such other duties and have such other powers as the Sole Member shall prescribe.

(ii)      Treasurer.  The Treasurer shall have charge and custody of, and be responsible for, all funds and securities of the Company and shall deposit all such funds in the name of the Company in such bank accounts or other depositories as shall be selected by the Sole Member or by such officers as shall be designated by the Sole Member.  The Treasurer shall be responsible for the maintenance of all books and records and accounts of the Company.  The Treasurer shall, in general, perform all the duties incident to the office of Treasurer and such other duties as from time to time may be assigned by the Sole Member or the President.

(iii)      Vice Presidents.  The Vice Presidents shall perform such duties and have such powers as the President or the Sole Member may from time to time prescribe.  Subject to the control and direction of the Sole Member, each Vice President may enter into any contract and execute and deliver any instrument in the name and on behalf of the Company.

(iv)      Secretary.  The Secretary, if present, shall act as secretary at all meetings of the Sole Member and keep the minutes thereof in a book or books to be provided for that purpose and shall see that all notices required to be given by the Company are duly given and served and shall see that all reports, statements and other documents required by law are properly kept and filed.  The Secretary shall be authorized to sign on behalf of the Company any forms, reports, schedules or filings required to be filed by the Company with any government or regulatory agency, and in general, shall perform all the duties incident to the office of Secretary and such other duties as from time to time may be assigned by the Sole Member or the President.

EX. 1, Page 29 of 41

CONFIDENTIAL

KH05375

**EXHIBIT C**

<u>**Officers**</u>

| <u>Name</u> | <u>Office</u> |
| --- | --- |
| Ara D. Cohen | President |
| Thomas Wagner | Vice President |
| Jonathan Daniel | Vice President |
| Michael Friedberg | Treasurer |
| Laura Torrado | Secretary |

C-1

CONFIDENTIAL

KH05376

## Exhibit C

**Certificate of Good Standing (Delaware)**
**(attached)**

CONFIDENTIAL                                                                                                     KH05377

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "KH-REIT II FUNDING XXII, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TWENTY-FOURTH DAY OF OCTOBER, A.D. 2022.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "KH-REIT II FUNDING XXII, LLC" WAS FORMED ON THE TENTH DAY OF MAY, A.D. 2018.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

Jeffrey W. Bullock, Secretary of State

6880494  8300
SR# 20223844559

Authentication: 204689135

Date: 10-24-22

You may verify this certificate online at corp.delaware.gov/authver.shtml

CONFIDENTIAL

KH05378

**Exhibit D**

**Unanimous Written Consent**
**(attached)**

CONFIDENTIAL

KH05379

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS
## (IN LIEU OF A MEETING)

The undersigned constituting the Board of Directors of **KNIGHTHEAD SSRE REIT II, INC.**, a Delaware corporation (the "Sole Member"), being the Sole Member of **KH-REIT II FUNDING XXII, LLC**, a Delaware limited liability company (the "Company") do hereby certify, consent, and agree that the following recitals and resolutions and certifications are hereby adopted and the same have not been revoked, canceled, annulled or amended in any manner and are in full force and effect on the date of this Written Consent and as follows:

**WHEREAS**, the Company has entered into that certain Sale Agreement with **Grant Meadows L.L.C.**, a Texas limited liability company (the "Purchaser"), dated effective as of March 31, 2022, as amended by that certain First Amendment o Sale Agreement, dated May 3, 2022, as further amended by that certain Second Amendment to Sale Agreement, dated June 29, 2022, and as further amended by that certain Third Amendment to Sale Agreement, dated July 18, 2022, each by and between the Company and Purchaser (collectively, the "Sale Agreement"), for the sale of that certain real property located in the City of Houston, Harris County, Texas, being more particularly described in the Sale Agreement (such sale transaction being referred to herein as the "Transaction" and the documents entered into in connection therewith being the "Transaction Documents");

**WHEREAS**, the Board of Directors deems it advisable and in the best interests of the Company to approve the Transaction and enter into the Transaction Documents;

**NOW, THEREFORE**, it is hereby:

**RESOLVED**, that the foregoing recitals are hereby ratified; and it is hereby further

**RESOLVED**, that the Transaction is in the best interests of the Board of Directors and the Company, and the Company is authorized to effectuate and close the Transaction, as applicable, and to execute and deliver, as applicable, the Transaction Documents and any and all other documents, agreements, certificates and instruments, and to take such other actions to close on the Transaction as any Authorized Signatory (as hereafter defined) deems necessary, proper, and advisable in connection with consummating the Transaction, on such terms and conditions as it shall, by its execution, in such capacity, approve in connection with the Transaction, all of which may be deemed necessary, proper, and advisable in effectuating the Transaction, and all of which shall be deemed to be, and hereby are, binding on the Company; and it is hereby further

**RESOLVED**, that Laura L. Torrado (an "Authorized Signatory"), be, and acting individually hereby is, authorized and directed to execute and deliver the Transaction Documents in the name and on behalf of the Company; and it is hereby further

**RESOLVED**, that in order to carry out fully the intent and effectuate the purposes of the foregoing resolutions, the Authorized Signatory be, and hereby is, authorized and empowered to take all such further action including, without limitation, to arrange for, enter into or grant amendments and modifications to the Transaction Documents, and to arrange for and enter into

CONFIDENTIAL

supplemental agreements, instruments, certificates, and other documents relating to the transactions contemplated by the Transaction Documents, and to execute and deliver all such further amendments, modifications, waivers, supplemental agreements, instruments, certificates and documents, in the name and on behalf of the Company, and to pay all such fees and expenses, which shall in his judgment be deemed necessary, proper or advisable in order to perform the obligations of any of the foregoing under or in connection with the Transaction Documents and the transactions contemplated thereby; and it is hereby further

**RESOLVED**, that any and all acts heretofore taken with respect to any matter referenced in the foregoing resolutions are hereby ratified and approved in all respects; and it is hereby further

**RESOLVED**, that any person dealing with the Authorized Signatory in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Signatory, and by its execution of any document, agreement or instrument that the same shall be a valid and binding obligation of the Company, enforceable in accordance with its terms; and it is hereby further

**RESOLVED**, that the Authorized Signatory is authorized and empowered to certify a copy of these resolutions, individually or as a whole; and it is hereby further

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original. PDF or electronically executed counterparts shall be deemed as originals.

[SIGNATURE PAGE TO FOLLOW]

CONFIDENTIAL

KH05381

IN WITNESS WHEREOF, this Written Consent has been signed effective as of the 25th day of October, 2022.

DIRECTORS:

By: _____
Name: Ara D. Cohen

By: _____
Name: Thomas Wagner

By: _____
Name: Jonathan Daniel

CONFIDENTIAL

KH05382

KH-REIT II FUNDING XXII, LLC

By: _____

Laura L. Torrado
Authorized Signatory

CONFIDENTIAL

KH-REIT II FUNDING XXII, LLC

By: _____
Laura L. Torrado
Authorized Signatory

CONFIDENTIAL

KH05384

KH-REIT II FUNDING XXII, LLC

By: _____
Laura L. Torrado
Authorized Signatory

STATE OF NEW YORK        )
                         ) ss: New York
COUNTY OF NEW YORK       )

On the 25ᵗʰ day of October, 2022, before me, the undersigned, a Notary Public in and for said State, personally appeared Laura L. Torrado, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Nikki Nociforo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NO6418572
Qualified in New York County
Commission Expires    June 14, 2025

_____
Notary Public

CONFIDENTIAL

KH-REIT II FUNDING XXII, LLC

By: _____
Laura L. Torrado
Authorized Signatory

STATE OF NEW YORK          )
                           ) ss: New York
COUNTY OF NEW YORK         )

On the _25ᵗʰ_ day of October, 2022, before me, the undersigned, a Notary Public in and for said State, personally appeared Laura L. Torrado, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

[Notary stamp:]
Nidd Nociforo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01NO6418572
Qualified in New York County
Commission Expires    June 14, 2025

_____
Notary Public

CONFIDENTIAL                                    KH05386

March 22, 2024

Dear Customer,

The following is the proof-of-delivery for tracking number: 770307079815

| Delivery Information: | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | A.PERRZ | Delivery Location: | |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday | | HOUSTON, TX, |
| | | Delivery date: | Oct 27, 2022 09:18 |

| Shipping Information: | | | |
|---|---|---|---|
| Tracking number: | 770307079815 | Ship Date: | Oct 26, 2022 |
| | | Weight: | |
| Recipient: | | Shipper: | |
| HOUSTON, TX, US, | | GREENWICH, CT, US, | |

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Thank you for choosing FedEx

CONFIDENTIAL

KH05387